## No. 171
### KLEIN STRUCT. STEEL CO. v. JOHN J. POOL CO.
Ohio Appeals, 6th Dist., Huron Co.

No. 215. Decided Feb. 8, 1927

355. DAMAGES—1. Where special damages are not plead in an action for breach of warranty, the court is bound to confine the evidence introduced as to the measure of damages, to the value of the goods at the time of delivery to the buyer and the value they would have had if they had answered the warranty.

2. This does not mean that such evidence should be confined to mere opinion evidence as to value; but any pertinent and material facts which bear upon those questions of value is competent.

First Publication of this Opinion

WILLIAMS, J.

The Klein Structural Steel Co. sold to the John J. Pool Co. certain finishing and ornamental iron to be used in the construction of a certain school. The Pool Co. brought an action in the Huron Common Pleas against the Steel Co., the second cause of action in the petition claiming damages for the sale of metal door frames which were claimed to be defective in that they were warped, too wide and some too narrow. The jury returned a verdict in favor of $5,053.86 upon which amount judgment was entered.

The second cause of action which is considered here is one for damages under 8449 (1) (b) GC. for breach of an implied warranty that the goods should correspond with the description. The Court of Appeals held:

1. The provisions of 8449 include both general and special damages and general damages woul dbe measured by "the difference between the value of the goods at the time of delivery to the buyer and the value they would have if they answered to the warranty." Special damages would include such other and further loss directly and naturally resulting in the ordinary course of events from the breach.

2. Since the Pool Co. did not plead special damages, the evidence as to special damages was not admissible over the objection of the Steel Co.

3. However, notwithstanding that such objection was made and exception taken, the court permitted evidence tending to show that doors of special sizes were purchased elstwhere by the Pool Co. at a cost of $2937.64 over and above the doors of standard size, if they had been according to description would have cost.

4. Evidence was also admitted as to the cost of labor performed by the Pool Co. to straighten the door frames.

5. As special damages were not plead, the court was bound to confine the evidence introduced relating to the measure of damages to the value of the goods at the time of delivery to the buyer and the value they would have had, if they answered to the warranty.

6. The excess cost of doors to fit frames, not according to specifications as to width could not be an element of general damages; and the buyer had no right to make the frames correspond to specifications and then recover the expense of so doing from the seller except to the extent that the seller and buyer had made a valid and binding agreement that such expense should be paid by the seller.

7. The court erred in refusing to give the Steel Co.'s request to charge that the jury was to disregard all evidence as to payments by the Pool Co. to the United Metal Products Co., since, the presentation of this request raised the same question as to the excess cost of special sizes of doors.

Judgment reversed and cause remanded.

(Culbert & Richards, JJ., concur.)

Attorneys—Parkhurst & Vickery, Bellevue, and Young and Young, Norwalk, for Steel Co.; J. B. Coolidge, Dayton, and Allen G. Aigler, Norwalk, for Pool Co.

## No. 172
### KELCIK, etc. v. CLEVELAND RY. CO.
Ohio Appeals 8th Dist., Cuyahoga Co.

No. 7016. Decided Jan. 24, 1927

871. OPENING STATEMENTS—Where a motion to direct a verdict is made upon the opening statement of counsel, every opportunity should be given to amend, explain or supplement the statement so that, if possible, it may be allowed to stand.

First Publication of this Opinion

SULLIVAN, J.

Joseph Kelcik, a minor, brought suit in the Cuyahoga Common Pleas against the Cleveland Railway Co. by his next friend, for personal injuries sustained resulting from a collision between a truck and a car of the company. It is claimed that the lower court committed error in sustaining a motion of the Company to direct a verdict, warrantable in law under the plaintiff's opening statement. The Court of Appeals, on error proceedings, held:

1. It is well settled that where a motion is directed upon the opening statement of counsel, upon apparent failure to state a cause of action, counsel should be given every opportunity to amend, explain or supplement his statement so that, if possible, it may be brought within the purview of the law; and a liberal construction should be given the statement so that, if possible it may be allowed to stand.

2. It appears, however, that in the instant case, neither in the petition nor in the opening statement, is there any claim of specific negligence excepting that it is asserted as a conclusion of law, that because there was a collision, there is a presumption of negligence on part of the Company.

3. This case is not within that class of cases where that principle prevails, because the street car was on the track and the truck along the highway collided with it.

4. Consequently a situation arose which made it necessary to specifically aver the negligence of the Company, so that a recovery might be had in the absence of any contributory negligence as a matter of law attributable to the plaintiff.

5. There was no oral or written evidence to support the motion for a new trial on the ground of newly discovered evidence and therefore this matter is beyond the pale of consideration.

Judgment affirmed.

(Levine, PJ., concurs.)

Attorneys—V. J. Pugher for Kelcik; Squire, Sanders & Dempsey for Company; all of Cleveland.