## YOUNGSTOWN MUNICIPAL RY CO v SCHMITT (2 cases)

Ohio Appeals, 7th Dist, Mahoning Co
Decided Nov 8, 1929

Harrington, DeFord, Huxley & Smith, Youngstown, for Ry Co.

N. Petica, Jr., for Schmitt.

**SHERICK, J.**

The testimony in this case does not bear out the allegations of the petition that this car was proceeding at an excessive rate of speed; in fact, the testimony discloses that the street car was proceeding at a rate of about fifteen miles per hour. There is absolutely no testimony introduced in proof of the allegation that the defendant company had failed to comply with the terms of any municipal ordinance. No ordinances were introduced in evidence. It is therefore apparent that no negligence in this case can be predicated upon these two grounds, as there is absolute failure of proof.

We have very carefully considered the Record in this case, to see if there was any testimony that this court would be required to weigh, having in mind, of course, the case of **Breese v. State, 12 OS.,** and **Theater Company v. Lautermilch, 118 OS.,** and an examination of this testimony discloses that it nowhere appears from the evidence that this Ford car fell into any rut of the street car company or was proceeding upon the west bound track.

We feel that it was assumed in the court below that the ice and ruts in this street, and the condition of the day, raised a presumption of negligence. With this we can not agree. It also seems to have been presumed that the mere fact that a collision occurred between this car and the street car, raised a presumption of negligence. With this we do not concur.

Our attention has been called to the cases of **Kelcik v. Cleveland Ry Co., 24 O. App., 82** and **Cleveland Ry. Co., v. Hart, 26 O. L. R., 345.** These cases seem to sustain this court's opinion upon the last proposition. As I say, we have carefully searched this record, and we have also had in mind another case in the **118 OS.,** and that is the case of **Baking Company v. Middleton.** That case, of course, had application to a motion for a directed verdict, but we believe that the principal announced in that case is also applicable to the case before this court; in other words, where there is a failure of proof upon an essential allegation of the petition, that action as a proposition of law must necessarily fail. But, considering this case in the light that perhaps there might be some evidence, such evidence as under the scintilla rule would enable this case to go to a jury as against a motion for a directed verdict, we well know that this rule of law is not applicable when the question is raised upon a motion for a new trial. There must be some evidence sufficient to sustain the verdict and the judgment thereon.

We have examined this record most carefully in order that we might not fall in error, as being opposed to the rule announced under the Lautermilch case, and we find that there is not sufficient evidence in this case to charge this defendant company with negligence, and that the judgment is against the manifest weight of the evidence.

It therefore follows that the trial court should have sustained the motion for a new trial, and the case of the Youngstown Municipal Railway Company vs. Charlotte Schmitt will be reversed. It naturally follows that the case of the Youngstown Municipal Railway Company vs. Joseph Schmitt, the husband, will likewise be reversed for the same reason, and for the additional reason that the action of the husband can only be maintained provided the defendant company has been guilty of negligence as towards his spouse.

Pollock and Farr, JJ., concur.