[Cite as *Martin v. Wegman*, 2019-Ohio-2935.]

# IN THE COURT OF APPEALS
# FIRST APPELLATE DISTRICT OF OHIO
# HAMILTON COUNTY, OHIO

| | | |
|---|---|---|
| CHARLES RICHARD MARTIN, II, | : | APPEAL NOS. C-180268 |
| | | C-180308 |
| Plaintiff-Appellant, | : | TRIAL NOS. A-1704203 |
| | | A-1706197 |
| vs. | : | |
| | | *O P I N I O N.* |
| DONALD A. WEGMAN, | : | |
| Defendant-Appellee. | : | |

Civil Appeals From: Hamilton County Court of Common Pleas

Judgment Appealed From Is: Affirmed as Modified in C-180308;
Appeal Dismissed in C-180268

Date of Judgment Entry on Appeal: July 19, 2019

*Harry B. Plotnick*, for Plaintiff-Appellant,

*Frederick J. Johnson,* for Defendant-Appellee.

**CROUSE, Judge.**

{¶1} Plaintiff-appellant Charles Martin appeals the trial court's dismissal of his defamation claim. We modify the judgment so that dismissal is without prejudice, and affirm as modified.

### *Facts and Procedure*

{¶2} Martin initially filed a defamation claim under the case numbered A-1704203 and, after voluntarily dismissing the claim without prejudice, refiled his claim under the case numbered A-1706197. Martin's complaint alleged that defendant-appellee Donald Wegman "published false, misleading and defamatory statements about plaintiff in written correspondence both to government officials and on defendant's personal Facebook account." According to the complaint, Wegman published that Martin

> was an adult male member of the community who was filming defendant
> and his 12-year-old daughter with a drone...implying that the alleged acts
> were committed for immoral purposes.

{¶3} Wegman filed a Civ.R. 12(B)(6) motion to dismiss for failure to state a claim upon which relief could be granted. After hearing oral argument, the trial court granted the motion and dismissed the complaint with prejudice, saying "the complaint doesn't state enough on its face. If there were attachments, if it was said in the text that would be one thing and it would be enough."

{¶4} In his sole assignment of error, Martin contends that because the complaint stated a claim against Wegman for defamation as matter of law, the trial court erred in dismissing his complaint pursuant to Civ.R. 12(B)(6). For the reasons set forth below, we modify the judgment dismissing Martin's complaint, and affirm it as modified.

2

### *Dismissal of Appeal No. C-180268*

{¶5}    In his notice of appeal for the case numbered A-1704203, Martin states that he is appealing the judgment of the court entered on May 7, 2018, but there was no judgment on that date in that case.  Martin voluntarily dismissed the case numbered A-1704203 on October 30, 2017.  May 7, 2018, is the date the trial court entered judgment for Wegman in the case numbered A-1706197.  Martin appeals an order that does not exist for a case in which he voluntarily dismissed his claim.  Therefore, the appeal numbered C-180268 is dismissed.

### *Standard of Review*

{¶6}    An order granting a Civ.R. 12(B)(6) motion to dismiss is reviewed de novo.  *Perrysburg Twp. v. Rossford,* 103 Ohio St.3d 79, 2004-Ohio-4362, 814 N.E.2d 44, ¶ 5.

### *Sufficiency of the Complaint in the Appeal Numbered C-180308*

{¶7}    Civ.R. 8(A) provides for notice pleading, requiring a "short and plain statement of the claim showing that the pleader is entitled to relief, and a demand for judgment for the relief to which the party claims to be entitled."  A Civ.R. 12(B)(6) motion to dismiss "is procedural and tests the sufficiency of the complaint."  *State ex rel. Hanson v. Guernsey Cty. Bd. of Commrs.,* 65 Ohio St.3d 545, 548, 605 N.E.2d 378 (1992).  The material allegations of a complaint are taken as true, with all reasonable inferences drawn in favor of the nonmoving party, and the complaint will only be dismissed if it appears beyond doubt that the plaintiff can prove no set of facts entitling him to recover.  *Id.*

{¶8}    It is unclear on what basis the trial court granted the motion to dismiss. The court said the complaint didn't "state enough on its face," and took issue with

3

Martin's failure to attach the exact defamatory statement. However, dismissal for failure to attach the statement would be improper. It is sufficient that the complaint clearly identifies the substance of the defamatory remarks, which Martin's complaint did. *See Boutsicaris v. Akron Gen. Med. Ctr.,* 9th Dist. Summit No. 17941, 1997 WL 270552, *6 (May 14, 1997). Nevertheless, because the complaint did not plead all the necessary elements of a defamation per quod claim, the trial court properly dismissed the complaint for failure to state a claim upon which relief can be granted.

{¶9} This court, in *Thomas v. Cohr, Inc.,* 197 Ohio App.3d 145, 2011-Ohio-5916, 966 N.E.2d 915, ¶ 24 (1st Dist.), delineated the elements of a defamation claim under Ohio law.

A private person who brings a defamation claim must plead and prove: (1) a false and defamatory statement, (2) about the plaintiff, (3) published without privilege to a third party, (4) with fault or at least negligence on the part of the defendant, and (5) that was either defamatory per se or caused special harm to the plaintiff.

{¶10} In order for a statement to be defamatory per se, it must be defamatory upon the face of the statement. *Becker v. Toulmin*, 165 Ohio St. 549, 556, 138 N.E.2d 391 (1956). When a statement is only defamatory through interpretation, innuendo, or consideration of extrinsic evidence, then it is defamatory per quod and not defamatory per se. *Id.* "[I]f a statement is defamatory per quod, the plaintiff must plead and prove special damages," though no such requirement exists for defamation per se. *Murray v. Knight–Ridder, Inc.*, 7th Dist. Belmont No. 02 BE 45, 2004-Ohio-821, ¶ 16.

{¶11} Martin's complaint alleges only an action for defamation per quod. His complaint states,

4

[s]pecifically, without the privilege to do so, defendant published that plaintiff was an adult male member of the community who was filming defendant and his 12-year-old daughter with a drone and admitted the act to the police, implying that the alleged acts were committed for immoral purposes.

The complaint states that the Facebook post *implies* that the acts were committed for an immoral purpose. Thus, Martin's complaint states a claim for defamation per quod, and he must plead special damages.

{¶12} Looking broadly to the distinction between general and special damages, general damages are those which are a necessary consequence of the harm. They are implied by law and do not need to be pled. *Klein Structural Steel Co. v. John J. Pool Co.,* 26 Ohio App. 420, 423, 160 N.E. 520 (6th Dist.1927); *See F.A.A. v. Cooper*, 566 U.S. 284, 295-296, 132 S.Ct. 284, 182 L.Ed.2d 497 (2012) (in defamation cases, general damages "cover loss of reputation, shame, mortification, injury to the feelings and the like").

{¶13} General damages are presumed in defamation per se cases. *Williams v. Gannett Satellite Information Network, Inc.*, 162 Ohio App.3d 596, 2005-Ohio-4141, 834 N.E.2d 397, ¶ 7 (1st Dist.). A statement is defamatory per se when it falls into one of three categories:

(1) the imputation of a charge of an indictable offense involving moral turpitude or infamous punishment, (2) the imputation of some offensive or contagious diseases calculated to deprive the person of society, or (3) having the tendency to injure the plaintiff in his trade or occupation.

*Id.* at ¶ 8.

{¶14} A statement that is defamatory per se need only *tend* to injure the plaintiff in his trade or occupation. (Emphasis in original.) *Id.* at ¶ 10. "To require that [the plaintiff] have alleged actual career harm would be to require the proof of special damages associated with defamation per quod." *Id.* Thus, general allegations of injury to occupation, or profession, are merely allegations of general damages, while a concrete allegation of actual economic or pecuniary harm distinguishes special damages. This conclusion is supported by decisions of the Ohio Supreme Court and other appellate courts.

{¶15} Special damages are those direct financial losses resulting from the plaintiff's impaired reputation, such as lost profits to his business. *See Moore v. P. W. Pub. Co.,* 3 Ohio St.2d 183, 190, 209 N.E.2d 412 (1965) ("special damage concerned the claimed monetary loss in plaintiff's business.").

{¶16} In *Bigelow v. Brumley,* 138 Ohio St. 574, 594-595, 37 N.E.2d 584 (1941), the plaintiff failed to allege any "loss of injury actually suffered as a direct consequence of an impaired reputation," and so his cause of action for defamation per quod was dismissed for failure to plead special damages.

{¶17} In *Peters v. Ohio Dept. of Rehab. & Corr.,* 10th Dist. Franklin No. 14AP-1048, 2015-Ohio-2668, ¶ 1, 7, the court held that the plaintiff failed to plead special damages where he alleged great pain of mind and body and extreme emotional distress. The court described special damages as "those direct financial losses resulting from plaintiff's impaired reputation." *Id.* at ¶ 7.

{¶18} In *Griffis v. Klein*, 2d Dist. Montgomery No. 22285, 2008-Ohio-2239, ¶ 46-47, quoting *Whiteside v. Williams,* 12th Dist. Madison No. 2006-06-021, 2007-Ohio-1100, ¶ 7, the court held that allegations in the complaint of injury to reputation, humiliation, emotional distress, and loss of self-esteem were inadequate

to plead special damages because they did not constitute "an actual temporal loss of something having economic or pecuniary value."

{¶19} In *Whiteside* at ¶ 6, the plaintiff alleged in his complaint that the statements "affected * * * plaintiff in his profession as a musician who relies on music for therapy and as a future livelihood." The court determined that there was no indication that the plaintiff suffered special damages because he did not allege an "actual, temporal loss of something having economic or pecuniary value." *Id.* at ¶ 7. Also, Civ.R. 9(G) requires that claims for defamation per quod be pled with specificity, which the plaintiff did not do. *Id.*

{¶20} Martin has not claimed a pecuniary harm, an economic harm, or any specific harm related to his profession. In fact, the portion of his complaint which discusses harm nearly quotes the language one would expect in a defamation per se claim. In his complaint, Martin says,

> the false and misleading statements made by defendant adversely reflect
> upon the character of plaintiff by bringing him into ridicule, hatred, and
> contempt, and have affected him injuriously both in his profession and in
> his reputation in the community.

*Compare Becker v. Toulmin* 165 Ohio St. 549, 553, 138 N.E.2d 391 (1956), where the Ohio Supreme Court said that to constitute libel per se, the statement must reflect "upon the character of such person by bringing him into ridicule, hatred, or contempt, or affect him injuriously in his trade or profession."

{¶21} While Martin's complaint may recite language from the defamation per se definition in *Becker,* his factual allegations cannot sustain an action for defamation per se because the Facebook post requires interpretation in order to be considered defamatory. Meanwhile, his allegations regarding damages cannot

sustain an action for defamation per quod, because he does not allege special damages. Absent an explanation of how the harm extends beyond reputation and translates into a separate harm, like an economic harm, the complaint fails to plead special damages at all, much less with the specificity required by Civ.R. 9(G).

{¶22} Even though Martin's complaint is insufficiently pled, "a dismissal for failure to state a claim is without prejudice except in those cases where the claim cannot be pleaded in any other way." *Fletcher v. Univ. Hosps. of Cleveland,* 120 Ohio St.3d 167, 2008-Ohio-5379, 897 N.E.2d 147, ¶ 17. Since failure to plead special damages is the fatal defect in Martin's complaint, the claim possibly could be pled another way. Dismissal therefore should be, and is, without prejudice. *See Cunningham v. UTI Integrated Logistics, Inc.,* S.D. Ill. No. CIV 09-1019-GPM, 2010 WL 1558718, *5 (Apr. 19, 2010) (holding that a 12(B)(6) dismissal of a defamation per quod claim is without prejudice when it fails to specifically plead damages).[1]

### Conclusion

{¶23} Damages are not sufficiently pled in Martin's complaint to survive Wegman's motion to dismiss, and so Martin's sole assignment of error is overruled. The complaint should be dismissed without prejudice. The trial court's judgment dismissing Martin's complaint is modified to reflect that it is without prejudice, and we affirm the judgment as modified in the appeal numbered C-180308. The appeal numbered C-180268 is dismissed.

Judgment accordingly.

---

[1] The two-dismissal rule requiring dismissal with prejudice does not apply in this case because only the first dismissal was a notice dismissal, whereas the second dismissal is by order of the court. *See Olynyk v. Scoles,* 114 Ohio St.3d 56, 2007-Ohio-2878, 868 N.E.2d 254, ¶ 13 (in order for the double-dismissal rule to apply, both dismissals must be notice dismissals under Civ.R. 41(A)(1)(a)).

**MYERS, P.J.,** and **WINKLER, J.,** concur.

Please note:

The court has recorded its own entry on the date of the release of this opinion.

