[Cite as *Dordea v. Freleng*, 2023-Ohio-1408.]

COURT OF APPEALS
STARK COUNTY, OHIO
FIFTH APPELLATE DISTRICT


| | |
|---|---|
| LAWRENCE A. DORDEA | JUDGES:<br>Hon. W. Scott Gwin, P.J. |
| Plaintiff-Appellant | Hon. John W. Wise, J.<br>Hon. Patricia A. Delaney, J. |
| -vs- | |
| | Case No. 2022 CA 00128 |
| MAGGIE FRELENG, et al. | |
| Defendants-Appellees | O P I N I O N |


CHARACTER OF PROCEEDING: Civil Appeal from the Court of Common Pleas, Case No. 2021 CV 01129

JUDGMENT: Affirmed

DATE OF JUDGMENT ENTRY: April 27, 2023

APPEARANCES:

For Plaintiff-Appellant

JEFFREY JAKMIDES
JULIE JAKMIDES
325 East Main Street
Alliance, Ohio 44601

For Appellees Hardin and Baldwin

KEVIN T. SHOOK
KAITLIN L. MADIGAN
FROST BROWN TODD, LLC
10 West Broad Street, Suite 2300
Columbus, Ohio 43215-3469

For Appellees Freleng and Obsessed

ANDREW C. STEBBINS
CHRISTINA WILLIAMS
BUCKINGHAM, DOOLITTLE
1375 E. 9th Street, Suite 1700
Cleveland, Ohio 44114

For Appellee Thorns

MARILENA DiSILVIO
ELK & ELK
6105 Parkland Boulevard
Mayfield Heights, Ohio 44124

*Wise, J.*

**{¶1}** Plaintiff-Appellant, Lawrence A. Dordea, appeals from the September 23, 2022, Judgment Entry by the Stark County Court of Common Pleas. Defendants-Appellees are Maggie Freleng, Obsessed Networks, LLC, John H. Hardin, Charles Jason Baldwin, and Susan Gless-Thorne. The relevant facts leading to this appeal are as follows.

## STATEMENT OF THE FACTS AND CASE

**{¶2}** On August 11, 2021, Appellant filed a complaint against Appellees alleging defamation, civil conspiracy, and intentional infliction of emotional distress based upon alleged defamatory statements made on Appellee Freleng's Podcast, *Murder in Alliance* ("the Podcast").

**{¶3}** The Podcast examines the investigation into the murder of Yvonne Layne. During her research of the investigation, Appellee Freleng came across a report by a Dr. Turvey which indicated Appellant brought a "date" to the crime scene. Dr. Turvey's report highlighted this was problematic because of the possibility of crime scene contamination. The news reported Appellant brought an outsider, a woman, to the crime scene. Police reports refer to her as a civilian observer. Appellant stated that she was not Appellant's date but was participating in a ride-along program, observing police duties and tasks with Appellant. Appellant allowed the civilian observer into the residence to help remove the victim's children.

**{¶4}** Appellee Freleng began publishing episodes of the Podcast in May of 2021, in which she repeats Dr. Turvey's characterization of Appellant's ride-along as a date. Appellant acknowledged that he was aware of the claim that he brought a date to a crime

scene back in 2007. He had heard this rumor on several occasions but never refuted it publicly.

**{¶5}** On July 15, 2022, Appellees filed Motions for Summary Judgment.

**{¶6}** On August 12, 2022, Appellant filed a Combined Response to Appellees' Motions for Summary Judgment.

**{¶7}** On September 23, 2022, the trial court granted Appellees' Motions for Summary Judgment.

### ASSIGNMENTS OF ERROR

**{¶8}** Appellant filed a timely notice of appeal and herein raises the following sole Assignment of Error:

**{¶9}** "I. THE TRIAL COURT ERRED IN HOLDING THAT NO REASONABLE PERSON COULD CONCLUDE THAT THE DEFENDANT'S FALSE STATEMENTS WERE MADE WITH RECKLESS DISREGARD FOR THE TRUTH. THE TRIAL COURT'S DECISION TO GRANT SUMMARY JUDGMENT IN FAVOR OF ALL DEFENDANTS MUST THEREFORE BE REVERSED."

### Standard of Review

**{¶10}** With regard to summary judgment, this Court applies a de novo standard of review and reviews the evidence in the same manner as the trial court. *Smiddy v. The Wedding Party, Inc.*, 30 Ohio St.3d 35, 36, 506 N.E.2d 212 (1987). We will not give any deference to the trial court's decision. *Brown v. Scioto Cty. Bd. of Commrs.*, 87 Ohio App.3d 704, 711, 622 N.E.2d 1153 (4th Dist.1993). Under Civ.R. 56 a trial court may grant summary judgment if it determines: (1) no genuine issues of material fact remain to be litigated; (2) the moving party is entitled to judgment as a matter of law; and (3) it appears

from the evidence that reasonable minds can come to but one conclusion and viewing such evidence most strongly in favor of the party against whom the motion for summary judgment is made, that conclusion is adverse to that party. *Temple v. Wean United, Inc.*, 50 Ohio St.2d 317, 327, 364 N.E.2d 267, 274 (1977).

**{¶11}** The record on summary judgment must be viewed in the light most favorable to the party opposing the motion. *Williams v. First United Church of Christ*, 37 Ohio St.2d 150, 151, 309 N.E.2d 924 (1974).

**{¶12}** The moving party bears the initial responsibility of informing the trial court of the basis for the motion and identifying those portions of the record before the trial court which demonstrates the absence of a genuine issue of fact on a material element of the nonmoving party's claim. *Dresher v. Burt*, 75 Ohio St.3d 280, 292, 662 N.E.2d 264 (1996). Once the moving party has met the burden, the nonmoving party then has a reciprocal burden of specificity and cannot rest on the allegations or denials in the pleadings, but must set forth "specific facts" by the means listed in Civ.R. 56(C) showing that a "triable issue of fact" exists. *Mitseff v. Wheeler*, 38 Ohio St.3d 112, 115, 526 N.E.2d 798, 801 (1988).

**{¶13}** To establish defamation, the plaintiff must show (1) a false statement of fact was made, (2) that the statement was defamatory, (3) the statement was published, (4) the plaintiff suffered injury as a proximate result of the publication, and (5) the defendant acted with the requisite degree of fault in publishing the statement. *Am. Chem. Soc. v. Leadscope*, 133 Ohio St.3d 366, 2012-Ohio-4193, 978 N.E.2d 832, ¶77, citing *Pollock v. Rashid*, 117 Ohio App.3d 361, 368, 690 N.E.2d 903 (1996). "Defamation can take the form of libel or slander. Libel refers to written or printed defamatory words and slander

generally refers to spoken defamatory words." *Matikas v. Univ. of Dayton*, 152 Ohio App.3d 514, 2003-Ohio-1852, 788 N.E.2d 1108, ¶27.

{¶14} The tort of defamation may be either negligent or intentional, depending on the context. *Mayer v. Bodnar*, 5th Dist. Delaware No. 22 CAE 05 0041, 2022-Ohio-4705, 204 N.E.3d 731, ¶51. Appellant is a public figure. "To establish defamation of a public figure, a complainant must also establish that the defendant acted with actual malice." *Ackison v. Gergley*, 5th Dist. Licking Nos. 2021 CA 00087 & 00089, 2022-Ohio-3490, 198 N.E.3d 139, ¶35, quoting *Lansky v. Brownlee*, 8th Dist. No. 105408, 2018-Ohio-3952, 111 N.E.3d 135 ¶23. Actual malice means that the statement was made with knowledge of falsity or a reckless disregard of the truth. *Jacobs v. Frank*, 60 Ohio St.3d 111, 573 N.E.2d 609 (1991).

> Since reckless disregard is not measured by lack of reasonable belief or of ordinary care, even evidence of negligence in failing to investigate the facts is insufficient to establish actual malice. Rather, since 'erroneous statement is inevitable in free debate, and * * * must be protected if the freedoms of expression to have the "breathing space" that they "need * * * to survive," [*New York Times v. Sullivan*, 376 U.S. 254, 11 L.Ed.2d 686, 84 S.Ct. 710 (1964).], "[t]here must be sufficient evidence to permit the conclusion that the defendant in fact entertained serious doubts as to the truth of his publication."

{¶15} *Scott v. News-Herald*, 25 Ohio St.3d 243, 248, 496 N.E.2d 699 (1986), quoting *Dupler v. Mansfield Journal Co.*, 64 Ohio St.2d 116, 120, 413 N.E.2d 1187 (1980),

quoting *St. Amant v. Thompson*, 390 U.S. 727, 731, 88 S.Ct. 1323, 20 L.Ed.2d 262 (1968).

{¶16} Summary judgment is "especially appropriate in the First Amendment area." *Dupler*, 64 Ohio St.2d at 120, 413 N.E.2d 1187. "It is for this reason that the plaintiff's burden of establishing actual malice must be sustained with convincing clarity even when the plaintiff's case is being tested by a defendant's motion for summary judgment." *Varanese v. Gall*, 35 Ohio St.3d 78, 81, 518 N.E.2d 1177 (1988) citing *Dupler*, at paragraphs one and two of the syllabus.

### Appellee Thorne's Statements

{¶17} Appellant fails to cite in its brief to any Statements made by Appellee Thorne which would constitute defamation and makes no citation where they can be found in the record. The judgment entry alludes to Appellant's belief that Appellee Thorne told the rest of the Appellees of Turvey's report and her belief that Appellant brought a date to the crime scene. No evidence has been pointed to in the record showing Appellee Thorne did not believe Turvey's report or that reliance on an expert report which was subsequently published in a book was acting with reckless disregard of the truth.

{¶18} Appellee Thorne did not recklessly or knowingly publish a false statement of fact. Therefore, the trial court did not err in granting Appellee Thorne's Motion for Summary Judgment.

### Appellees Hardin and Baldwin

{¶19} Appellant argues the following statements attributable to Hardin and Baldwin are defamatory:

Hardin: "Well I think anybody can look at any time you have the chief of police bringing his date into a crime scene."

Hardin: "It's always questionable whenever the chief of police brings a date to a crime scene."

Baldwin: "And so where's the accountability, the credibility and so its more like coverup-ability, you know and so, intent, intent, did they intentionally walk a girlfriend through a crime scene to jeopardize it and to plant, you know, to make sure that you can't rely on any evidence from it because it's, you know, been tainted, so where is the credibility in that? So we gotta, we gotta watch out for our team there on the ground … [they] gotta be careful out there, police department, cause uh, you know."

{¶20} These are statements broadly commenting that in all situations if a chief of police brought a date to a crime scene, it would be a problem. The innocent construction rule provides that "if allegedly defamatory words are susceptible to two meanings, one defamatory and one innocent, the defamatory meaning should be rejected, and the innocent meaning adopted." *Yeager v. Local Union 20, Teamsters*, 6 Ohio St.3d 369, 372, 453 N.E.2d 666 (1983). These statements on their face are broad commentary based on a specific proposed set of facts presented to Appellee Hardin and Appellee Baldwin. They do not definitively state Appellant brought a date to a crime scene. Just that in all situations when a chief of police brings a date to a crime scene, it would be a problem. As such they are not defamatory.

**{¶21}** Appellees Hardin and Baldwin did not recklessly or knowingly publish a false statement of fact. Therefore, the trial court did not err in granting Appellees Hardin's and Baldwin's Motion for Summary Judgment.

### Appellees Freleng and Obsessed Network, LLC

**{¶22}** Appellant argues the following statements attributable to Appellees Hardin and Baldwin are defamatory:

Freleng: "The Chief of the department even brought his date into the crime scene. It was an absolute disaster."

"Peti said about 10 minutes later, after he and Miller arrived, Chief Dordea arrived and made his way to the second floor with a woman that Peti didn't know and was not law enforcement. Chief Dordea said she was a ride along, but in a book written about the case, the author says it was actually his date and he not only took this woman to the house, but he allowed her into the crime scene."

"Now I would understand why the police might shield children from the crime scene. That makes sense. But it doesn't explain why so many decisions were made that compromised evidence in a murder investigation. The fact that Chief Dordea's date, a civilian was allowed into the crime scene."

"Remember, [Plaintiff] was the one who brought his date to the crime scene."

"After Chief Black left the force, he was replaced by Lawrence Dordea. He'd just started as Chief at the time of Yvonne's murder. Remember, he was the one who brought his date to the crime scene."

"The chief of police brought a date and allowed her into the crime scene."

{¶23} Appellant argues that the trial court did not separately determine whether or not Appellee Freleng's statements on contaminating the crime scene was defamation. However, the contamination comment is referencing Appellant bringing his civilian ride along (described by Appellee Freleng as Appellant's date) to the crime scene and having her come into the house. Therefore, these two propositions cannot be separated, but are connected. Appellant even acknowledges he should have exercised better judgment.

{¶24} Appellant argues that because the statements are false and Appellee Freleng had knowledge that Appellant described the civilian observer as a ride along, Appellee Freleng defamed Appellant by calling the civilian ride along Appellant's date. However, Appellant offers no evidence to support that Appellee Freleng's statements were made when Appellee Freleng entertained serious doubts as to the truth of her statements.

{¶25} In contrast, Appellee Freleng does provide the basis for her statements. Her statements are based upon Dr. Turvey's expert report and subsequent books which referenced Appellant's ride along as a "date," and Dr. Turvey also made comments about people "trampling" through the crime scene.

{¶26} In addition to Dr. Turvey's expert report and books describing Appellant's ride along civilian observer as a date, the police reports fail to contradict this proposition.

They simply refer to the individual as an "observer" or "civilian observer." Also, a news report referred to Appellant's civilian ride along as "an outsider, a woman."

**{¶27}** Appellant had the burden of establishing that Appellee Freleng published the statements while entertaining serious doubts as to the truth of the statements with convincing clarity. We found no evidence in which a reasonable jury could find actual malice with convincing clarity.

**{¶28}** Based on this Court's de novo review of the record, the trial court did not err in granting summary judgment in favor of Appellees.

**{¶29}** Appellant's sole Assignment of Error is overruled.

**{¶30}** For the foregoing reasons, the judgment of the Court of Common Pleas of Stark County, Ohio, is hereby affirmed.

By: Wise, J.

Gwin, P. J., and

Delaney, J., concur.

JWW/br 0426