[Cite as *Mitchell v. Fix*, 2023-Ohio-1957.]

COURT OF APPEALS
FAIRFIELD COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| BOBBY MITCHELL | : | JUDGES: |
| | : | |
| | : | Hon. William B. Hoffman, P.J. |
| Plaintiff-Appellant | : | Hon. Patricia A. Delaney, J. |
| | : | Hon. Craig R. Baldwin, J. |
| -vs- | : | |
| | : | Case No. 2022 CA 00037 |
| | : | |
| JEFFREY M. FIX | : | |
| | : | |
| | : | |
| Defendant-Appellee | : | O P I N I O N |

CHARACTER OF PROCEEDING:     Appeal from the Fairfield County Court of Common Pleas, Case No. 2022 CV 00153

JUDGMENT:     AFFIRMED

DATE OF JUDGMENT ENTRY:     June 13, 2023

APPEARANCES:

For Plaintiff-Appellant:

JOSHUA J. BROWN
5086 North High Street
Columbus, OH 43214

For Defendant-Appellee:

BRIAN S. STEWART
LUCAS A. THOMPSON
118 North Washington Street
Circleville, OH 43113

*Delaney, J.*

{¶1} Plaintiff-Appellant Bobby Mitchell appeals the August 30, 2022 judgment entry of the Fairfield County Court of Common Pleas.

## FACTS AND PROCEDURAL HISTORY

{¶2} On April 4, 2022, Plaintiff-Appellant Bobby Mitchell filed a verified complaint for defamation with the Fairfield County Court of Common Pleas. Mitchell named Defendant-Appellant Jeffrey M. Fix as the party defendant. Based on procedural posture of this case, the following facts are taken from Mitchell's complaint, which included his affidavit, the affidavit of Michael Tussey, and copies of Facebook posts.

## Election for the Bloom Township Trustee

{¶3} For the November 2, 2021 election cycle, Plaintiff-Appellant Bobby Mitchell was running for one of the two open seats for Trustee in Bloom Township, Fairfield County, Ohio. He was running as a Republican. His opponents for the Trustee position were Carol Moore and Brian Randles, also members of the Republican Party.

## The Mailer

{¶4} Sometime in the Fall of 2021, residents of Fairfield County received political mailers through the USPS. The mailer said,

JOE BIDEN & THE DEMOCRATS ARE DESTROYING AMERICA

X RISING GAS PRICES …

X EMBARRASSMENT IN AFGHANISTAN …

X OUTRAGEOUS MASK MANDATES …

DON'T LET CAROL MOORE & BRAIN RANDLES Do the Same to Bloom

Township

The mailer included a photo of Joe Biden surrounded by the American flag. It also included the photos of Carol Moore and Brian Randles. Mitchell's complaint states the mailings were sent by the "End Corruption PAC."

{¶5} Mitchell states in his complaint that he spoke with Fix on the telephone regarding the mailers two times, during which Mitchell told Fix that he was not aware of or involved in the dissemination of the mailers.

{¶6} According to his March 22, 2022 affidavit attached to Mitchell's complaint, Michael Tussey was the Chief of Police in Baltimore, Ohio at the time Fairfield County residents received the mailers. Chief Tussey was contacted by a Fairfield County resident who was concerned about the mailer. After contacting Mitchell who denied any knowledge of the source of the mailer, Chief Tussey started an "inquiry" into the mailer. Chief Tussey's affidavit does not state the "inquiry" was an official police investigation. After his inquiry into the mailer, which included contacting people involved in central Ohio politics, Chief Tussey was convinced that Mitchell did not participate in the mailer. Chief Tussey contacted Fix to share the results of his inquiry. Fix told Chief Tussey that he was going to withdraw his endorsement of Mitchell.

**Fix's Facebook Posts**

{¶7} In 2021, Defendant-Appellant Jeffrey M. Fix was the Chairman of the Fairfield County Republican Party. He also served as a Fairfield County Commissioner.

{¶8} Mitchell attached Exhibit C to his complaint, which are Facebook posts regarding the Bloom Township Trustee Election. The following posts are relevant to this appeal.

{¶9} On October 23, 2021, "Jeff Fix" posted the following to his Facebook page:

Endorsing candidates is a tricky business. As a Commissioner and as Chairman of the Republican Party in Fairfield County I am asked often to support one candidate or another. I reserve these endorsements for people that I know and trust, and who I believe will do an excellent job as a public servant. I am proud of both my and the County Party's record (two separate things) when it comes to endorsements.

This year, among many others in various races, Bobby Mitchell asked me to support his run for Bloom Township Trustee. As I had encouraged Bobby previously to run for a local office so that he could prove himself as a public servant, and have been working with Bobby to expand our conservative minority base in the Republican Party in Fairfield County, I felt it appropriate to endorse Bobby in this race.

* * * So last weekend I publicly stated my endorsement for both Bobby Mitchell and Brian Randles for the two seats up for election in Bloom Township.

Thursday I got a copy of a mail piece that was sent out in Bloom Township – paid for by the "End Corruption PAC." This mail piece is a succinct example of how unsavory our political process has become. The piece is supportive of Bobby Mitchell but goes on to attempt to tie Brian Randles and Carol Moore (also an incumbent Republican) to Joe Biden * * *. I thought I had seen it all in the most recent Republican Primary for the 15th Congressional District, but this mail piece is – by far – the worst thing I've ever seen. It honestly makes me want to throw up.

* * * This mail piece is the most disgusting piece of political advertising I've ever witnessed. I confronted Bobby Mitchell with all of this yesterday. He completely and passionately denied any knowledge of this piece, said it was an embarrassment, and immediately made public his disdain for it. And on the other side I've had some people tell me that Bobby had predicted that a PAC would be putting out a mail piece that would be helpful to him.

At this point, I don't know what to believe.

Here's what I do know. I know that Brian Randles and Carol Moore have been Township Trustees in Bloom Township for quite some time and there's never been any drama there. * * *

We've worked really hard in the County Party, and I've worked really hard as Chairman, to minimize the drama with all of our elected officials. We've successfully removed those who created problems, and replaced them with capable, hard-working, honest public servants; and we've recruited, endorsed, and supported strong candidates who have become great elected officials as well.

I hear the passion in Bobby Mitchell's voice when he declares that he has nothing to do with this advertisement. I honestly believe him. But if avoiding drama and at the same time supporting those who to job well is the path we follow, then perhaps we should all support Brian Randles and Carol Moore in Bloom Township and hope that Bobby Mitchell can find a way to become a public servant that does not create this type of angst.

This is a no-win situation. Bobby Mitchell is a decent, smart man who served in the military, serves his community as a pastor, a day-care operator, and a food-bank leader. He takes care of many people who need help and that is something I admire.

At the same time, there is no place for this type of tripe in our local politics.

* * * There is no place in our county for this type of campaign advertising. Not now, hopefully not ever.

So there you have it. All my thoughts. I have rarely struggled more with knowing exactly what the right thing to do is. I hate being in this position. I hate that some stupid PAC – who really knows the motivation – has taken a blender to our local political scene. I hate that Bobby Mitchell, if he had nothing to do with this, is getting sucked under the bus. And I hate that if he did have something to do with it that he didn't understand that this is NOT how to win the hearts and minds of the electorate.

(Exhibit C).

{¶10} On October 28, 2021, "Jeff Fix, Fairfield County Commissioner" posted the following on his Facebook page:

I am officially rescinding my endorsement of Bobby Mitchell. The same PAC that "mysteriously" intervened into the Bloom Township race has now joined the Canal Winchester City Council race where – not coincidentally – Bobby Mitchell's "God-daughter" is a first time candidate. There is no room for this type of politics in Fairfield County. I am tremendously disappointed.

(Exhibit C).

{¶11} On October 29, 2021, "Jeff Fix" posted the following on his Facebook page:

To all my friends in Bloom Township. You may have gotten a piece of political mail yesterday that is outrageous and sick. Brian Randles and Carol Moore are good Republicans, strong Township Trustees, and just plain good people. The fact that a PAC is spreading lies like this can easily be attributed to the fact that Bobby Mitchell is in this race. This is NOT how we run elections in Fairfield County and that message needs to be reiterated by the voters loud and clear. I strongly urge all the good people of Bloom Township to vote for both Brian Randles and Carol Moore on Tuesday.

(Exhibit C).

### Post-Election Comments

{¶12} The election was held on November 2, 2021. Carol Moore and Brian Randles were elected as the Trustees for Bloom Township.

{¶13} Chief Tussey attended the Fairfield County Republican Party Executive Committee meeting on November 4, 2021. During Fix's leadership report, Chief Tussey averred that Fix told the party members to avoid engaging in negative campaigning and raised the Bloom Township Trustee election as an example. Chief Tussey further stated in his affidavit that he heard Fix say:

As a result, Fix decided to endorse Mitchell [for the Bloom Township Trustee election]. Fix stated that a Political Action Committee unknown to him (Fix), entered the Bloom Township Trustee race, disseminating negative documents by mail about the two candidates opposing Mitchell in the race, in support of Mitchell's campaign. Fix stated that he contacted Mitchell and

that Mitchell pleaded to Fix that Mitchell had nothing to do with the PAC and had no control of what was being said. Fix said this is why he withdrew his endorsement and (in Fix's words) "distanced himself from Mitchell." Fix ended by saying that Mitchell's actions had sickened him.

(Exhibit B).

### Claim for Defamation

{¶14} The sole claim raised in Mitchell's complaint was for defamation. He argued Fix's statement that Mitchell sent the mailers was false and Fix had knowledge of the falsity. (Complaint, ¶ 26). Fix's statements on Facebook and at the Fairfield County Republican Party Executive Committee Meeting also disseminated false, factual information about Mitchell and was not Fix's opinion. (Complaint, ¶ 30, 31). Fix's statements subjected Mitchell to public contempt, public hatred, ridicule, shame, and disgrace. (Complaint, ¶ 18, 28). "Fix's statements were defamatory per se, where damages are presumed. Alternatively, due to the defamation of Defendants, Plaintiff suffered and continues to suffer irreparable harm. Plaintiff asserts these damages to exceed $25,000.00." (Complaint, ¶ 38).

### Motion to Dismiss

{¶15} On May 6, 2022, Fix filed a motion to dismiss the complaint in lieu of an answer. Fix argued that Mitchell's complaint for defamation should be dismissed for failure to state a claim under Civ.R. 12(B)(6). Fix first claimed that his statements regarding Mitchell were not defamatory per se. In his complaint, Mitchell argued that Fix defamed him when he said that Mitchell sent the mailers. Fix admitted that he authored the October 23, 28, and 29, 2021 Facebook posts. A review of his Facebook posts,

however, showed that Fix never said Mitchell sent the mailers; rather, Fix stated the PAC sent the mailers. Fix next argued that as the Chairman of the Fairfield County Republic Party, any statements he made about Mitchell, a candidate for public office in Fairfield County, were privileged. Finally, Fix argued that upon a review of the alleged facts in a light most favorable to Mitchell, it could be argued that Mitchell raised arguments for defamation per quod; however, Mitchell's complaint did not plead special damages and therefore, his complaint should be dismissed for failure to state a claim.

{¶16} Mitchell filed his memorandum contra on May 20, 2022. Mitchell argued Fix's statements that Mitchell was responsible for the mailers were knowingly false and therefore, met the Civ.R. 12(B)(6) threshold for defamation per se. It was unnecessary to plead special damages because Mitchell was not alleging defamation per quod.

{¶17} Fix filed a reply on May 31, 2022.

{¶18} On August 30, 2022, the trial court issued its judgment entry granting Fix's motion to dismiss Mitchell's complaint for defamation. The trial court found that taking all statements in Mitchell's complaint as true and construing all inferences in favor of Mitchell, Mitchell raised a claim for defamation per quod. Mitchell, however, did not plead special damages in his complaint and therefore, failed to state a claim entitling him to relief.

{¶19} It is from this judgment that Mitchell now appeals.

## ASSIGNMENTS OF ERROR

{¶20} Mitchell raises four Assignments of Error:

I. THE TRIAL COURT ERRED BY FINDING THAT THE COMPLAINT OF

PLAINTIFF-APPELLANT BOBBY MITCHELL FAILED TO STATE A CLAIM

UPON WHICH RELIEF CAN BE BASED, PURSUANT TO CIV.R. 12(B)(6),

BECAUSE MITCHELL'S COMPLAINT FOR DEFAMATION WAS A COMPLAINT FOR DEFAMATION PER QUOD, AND THUS REQUIRED AN AVERMENT OF SPECIAL DAMAGES IN THE PLEADING.

II. WHETHER THE TRIAL COURT IMPROPERLY BASED ITS OPINION ON CERTAIN ERRONEOUS CONCLUSIONS OF FACT, WHERE THERE WAS A MATERIAL AND GENUINE DISPUTE REGARDING THOSE FACTS.

III. THE TRIAL COURT ERRED IN FINDING THAT APPELLEE FIX'S STATEMENTS WERE PRIVILEGED.

IV. THE TRIAL COURT ERRED IN FINDING THAT APPELLEE FIX'S STATEMENTS WERE OPINION.

## ANALYSIS

### Standard of Review

{¶21} On August 30, 2022, the trial court dismissed Mitchell's complaint for defamation pursuant to Civ.R. 12(B)(6), failure to state a claim upon which relief can be granted. Our standard of review on a Civil Rule 12(B) motion to dismiss is de novo. *Dover Chemical Corp. v. Dover*, 2022-Ohio-2307, 192 N.E.3d 559, ¶ 32 (5th Dist.) citing *Huntsman v. State*, 5th Dist. Stark No. 2016CA00206, 2017-Ohio-2622, 2017 WL 1710432, ¶ 20, citing *Greeley v. Miami Valley Maintenance Contractors Inc.*, 49 Ohio St.3d 228, 551 N.E.2d 981 (1990). A motion to dismiss for failure to state a claim upon which relief can be granted is procedural and tests the sufficiency of the complaint. *State ex rel. Hanson v. Guernsey County Bd. of Commissioners*, 65 Ohio St.3d 545, 605 N.E.2d 378 (1992). Under a de novo analysis, we must accept all factual allegations of the

complaint as true, and all reasonable inferences must be drawn in favor of the nonmoving party. *Byrd v. Faber*, 57 Ohio St.3d 56, 565 N.E.2d 584 (1991). In order to dismiss a complaint pursuant to Civil Rule 12(B)(6), it must appear beyond doubt that the plaintiff can prove no set of facts in support of the claim that would entitle plaintiff to relief. *York v. Ohio State Highway Patrol*, 60 Ohio St.3d 143, 573 N.E.2d 1063 (1991).

### Types of Defamation

{¶22} To establish defamation, the plaintiff must show (1) a false statement of fact was made, (2) that the statement was defamatory, (3) the statement was published, (4) the plaintiff suffered injury as a proximate result of the publication, and (5) the defendant acted with the requisite degree of fault in publishing the statement. *Dordea v. Freleng*, 5th Dist. Stark No. 2022 CA 00128, 2023-Ohio-1408, ¶ 13 citing *Am. Chem. Soc. v. Leadscope, Inc.*, 133 Ohio St.3d 366, 2012-Ohio-4193, 978 N.E.2d 832, ¶77, citing *Pollock v. Rashid*, 117 Ohio App.3d 361, 368, 690 N.E.2d 903 (1st Dist.1996). "Defamation can take the form of libel or slander. Libel refers to written or printed defamatory words and slander generally refers to spoken defamatory words." *Id.* quoting *Matikas v. Univ. of Dayton*, 152 Ohio App.3d 514, 2003-Ohio-1852, 788 N.E.2d 1108, ¶27.

{¶23} There are two types of defamation, defamation per se and defamation per quod. For a communication to be defamatory per se, it must be actionable upon the very words spoken without regard to the interpretation of the listener, i.e., it is actionable on its face. *Spitzer v. Knapp*, 5th Dist. Delaware No. 19 CAE 01 0006, 2019-Ohio-2770, 2019 WL 2764071, ¶ 51 citing *A & B-Abell Elevator Co. v. Columbus/Cent. Ohio Bldg. & Contr. Trades Council*, 73 Ohio St.3d 1, 651 N.E.2d 1283 (1995). A statement is defamation per

se, on its face, when it reflects upon his or her character in such a manner that would cause him to be ridiculed, hated, or held in contempt, or in a manner that will injure him in his trade or profession. *Id.* Unless a privilege applies, damages and fault are generally presumed to exist if a statement is defamatory per se. *Wampler v. Higgins*, 93 Ohio St.3d 111, 752 N.E.2d 962 (2001). Defamation per quod refers to a communication that is capable of being interpreted as defamatory, i.e., it must be determined by the interpretation of the listener, through innuendo, as being either innocent or damaging. *Dover Chem. Corp. v. Dover*, 5th Dist. No. 2021 AP 07 0016, 2022-Ohio-2307, 192 N.E.3d 559, 2022 WL 2357262, ¶ 59 citing *Northeast Ohio Elite Gymnastics Training Center v. Osborne*, 183 Ohio App.3d 104, 2009-Ohio-2612, 916 N.E.2d 484 (9th Dist.). For defamation per quod, special damages must be pled and proven. *Northeast Ohio Elite Gymnastics Training*, 2009-Ohio-2612 at ¶ 9. Special damages are of such a nature that they do not follow as a necessary consequence of the complained injury. *Id.* "Special damages are those direct financial losses resulting from the plaintiff's impaired reputation." *Becker v. Toulmin*, 165 Ohio St. 549, 138 N.E.2d 391 (1956); *Sky v. Westhuizen*, 5th Dist. Stark No. 2018 CA 00127, 2019-Ohio-1960.

## I. Defamation Per Quod

{¶24} In his first Assignment of Error, Mitchell contends the trial court erred when it found that his complaint alleged defamation per quod. We disagree.

{¶25} A statement is defamatory per se when it falls into three categories: (1) the imputation of an indictable offense involving moral turpitude or infamous punishment, (2) the imputation of some offensive or contagious diseases calculated to deprive the person or society, or (3) having the tendency to injure the plaintiff in his trade or occupation.

*Martin v. Wegman*, 1st Dist. Hamilton Nos. C-180268, C-180308, 2019-Ohio-2935, ¶ 13

quoting *Williams v. Gannett Satellite Information Network, Inc.*, 162 Ohio App.3d 596,

2005-Ohio-4141, 834 N.E.2d 397, ¶ 8 (1st Dist.). To constitute libel per se, the statement

must reflect "upon the character of such person by bringing him into ridicule, hatred, or

contempt, or affect him injuriously in his trade or profession." *Martin*, 2019-Ohio-2935, ¶

20 quoting *Becker v. Toulmin*, 165 Ohio St. 549, 553, 138 N.E.2d 391 (1956). Mitchell

argues that Fix's Facebook posts and statements at the Fairfield County Republican Party

Executive Committee Meeting are defamatory per se because he accused Mitchell of

moral turpitude. He also claimed that Fix's false statements "were made in the context of

an attempt to persuade people to view Mitchell with contempt." (Verified Complaint, page

6). We find that while Mitchell's complaint recites the language from the defamation per

se definition, the factual allegations in his complaint cannot sustain an action for

defamation per se.

{¶26} In order for a statement to be defamatory per se, it must be defamatory

upon the face of the statement. *Dudee v. Philpot*, 2019-Ohio-3939, 133 N.E.3d 590, ¶ 68

(1st Dist.) citing *Becker v. Toulmin*, 165 Ohio St. 549, 556, 138 N.E.2d 391 (1956). When

a statement is only defamatory through interpretation, innuendo, or consideration of

extrinsic evidence, then it is defamatory per quod and not defamatory per se. *Id*. Mitchell's

defamation complaint centers on the mailer. In Mitchell's complaint he alleged, "26. Fix's

statement that Mitchell sent the mailers was false. 27. Fix's statements were about

Plaintiff Bobby Mitchell – Fix stated that Mitchell sent the mailers." (Verified Complaint,

page 5). A review of Fix's Facebook posts and Chief Tussey's affidavit attached to the

verified complaint shows, however, Fix never stated that Mitchell sent the mailer. Fix

stated the PAC sent the mailer. Fix's Facebook posts and alleged statement as recited in Chief Tussey's affidavit requires interpretation and consideration of extrinsic evidence that Mitchell was responsible for the mailer.

{¶27} Fix posted on Facebook:

This mail piece is the most disgusting piece of political advertising I've ever witnessed. I confronted Bobby Mitchell with all of this yesterday. He completely and passionately denied any knowledge of this piece, said it was an embarrassment, and immediately made public his disdain for it. And on the other side I've had some people tell me that Bobby had predicted that a PAC would be putting out a mail piece that would be helpful to him.

At this point, I don't know what to believe.

* * *

I hear the passion in Bobby Mitchell's voice when he declares that he has nothing to do with this advertisement. I honestly believe him. But if avoiding drama and at the same time supporting those who to job well is the path we follow, then perhaps we should all support Brian Randles and Carol Moore in Bloom Township and hope that Bobby Mitchell can find a way to become a public servant that does not create this type of angst.

Another Facebook post stated:

The same PAC that "mysteriously" intervened into the Bloom Township race has now joined the Canal Winchester City Council race where – not coincidentally – Bobby Mitchell's "God-daughter" is a first time candidate.

Another Facebook post stated, "The fact that a PAC is spreading lies like this can easily be attributed to the fact that Bobby Mitchell is in this race." Drawing all reasonable inferences in favor of Mitchell, Mitchell stated a claim for defamation per quod because Fix implied that Mitchell was involved with the mailer and negative politics through interpretation and innuendo.

{¶28} Our analysis does not end here, however. In a claim for defamation per quod, the plaintiff must allege special damages. "Special damages are damages of such a nature that they do not follow as a necessary consequence of the claimed injury. * * * Civ.R. 9(G) requires that if special damages are claimed, they must be specifically stated." *Peters v. Ohio Dept. of Rehab & Corr.*, 10th Dist. Franklin No. 14AP-1048, 2015-Ohio-2668, ¶ 7 quoting *Mohican Ents., Inc. v. Aroma Design Group, Inc.*, 10th Dist. Franklin No. 96APE01-26 (Sept. 10, 1996). In this case, Mitchell's allegations regarding damages cannot sustain an action for defamation per quod because he did not allege special damages in his verified complaint. "Absent an explanation of how the harm extends beyond reputation and translates into a separate harm, like an economic harm, the complaint fails to plead special damages at all, much less with the specificity required by Civ.R. 9(G)." *Martin*, 2019-Ohio-2935, ¶ 21.

{¶29} Accordingly, the trial court did not err in granting Fix's motion to dismiss pursuant to Civ.R. 12(B)(6) on Mitchell's claim for defamation per quod as Mitchell cannot maintain a defamation per quod claim without pleading special damages. *Spitzer v. Knapp*, 5th Dist. Delaware No. 19 CAE 01 0006, 2019-Ohio-2770, 2019 WL 2764071, ¶ 52 citing *McWreath v. Cortland Bank*, 11th Dist. Trumbull No. 2010-T-0023, 2012-Ohio-

3013; *Peters v. Ohio Dept. of Rehab. & Corr.*, 10th Dist. Franklin No. 14AP-1048, 2015-Ohio-2668.

{¶30} Mitchell's first Assignment of Error is overruled.

## II., III., and IV.

{¶31} In his second Assignment of Error, Mitchell contends the trial court improperly based its opinion on certain erroneous conclusions of fact. He argues in his third Assignment of Error that the trial court erred in finding that Fix's statements were privileged. Finally, in his fourth Assignment of Error, he contends the trial court erred in finding that Fix's statements were opinions.

{¶32} This appeal is before us regarding the trial court's judgment to grant Fix's motion to dismiss pursuant to Civ.R. 12(B)(6). Our standard of review on a Civ.R. 12(B)(6) appeal is de novo, which requires an independent review of the evidence before the trial court without any deference to the trial court's determination. In this case, our de novo review found that Mitchell alleged a claim for defamation per quod but failed to plead special damages pursuant to Civ.R. 9(G), necessitating a dismissal for failure to state a claim.

{¶33} Having determined the trial court's granting of Mitchell's claim pursuant to Civ.R. 12(B)(6) on the issue of defamation per quod was appropriate, we find it is unnecessary to address the Mitchell's remaining Assignments of Error based on the two-issue rule. *Blackmore v. S. Cent. Power Co.*, 5th Dist. Fairfield No. 13-CA-54, 2014-Ohio-2946, 2014 WL 2998702, ¶ 36 citing *Hawkins v. World Factory, Inc.*, 5th Dist. Muskingum No. CT2012–0007, 2012–Ohio–4579, ¶ 22.

{¶34} The second, third, and fourth Assignments of Error are overruled.

## CONCLUSION

{¶35} The judgment of the Fairfield County Court of Common Pleas is affirmed.

By: Delaney, J.,

Hoffman, P.J. and

Baldwin, J., concur.