OPINION
{¶ 1} Appellant William F. Smitley appeals from the decision of the Coshocton County Common Pleas Court to grant appellee's Motion for Default Judgment. Appellees are the sons and daughter-in-law of appellant, Jonas F. Smitley, William S. Smitley and Lavonne M. Smitley.
 {¶ 2} On April 30, 1996, appellant purchased land in Coshocton County. Appellant and his sons were named as grantees on the joint and survivorship deed. Appellant's sons were juveniles at the time of the execution of the deed. Appellant intended that the property remain in the family and only sold upon the consent of all three grantees.
 {¶ 3} On February 6, 2007, appellees filed a Complaint for Partition. Appellant was served with a copy on February 8, 2007 while he was incarcerated in the Tuscarawas County Justice Center. Appellant has a fourth grade reading level according to the standardized tests he took at the correctional institution.
 {¶ 4} Other defendants were also served. There was failure of service upon Green Tree Financial Services, Inc. This party was dismissed after a determination that its financial statement had expired against the property which was the subject of the partition action.
 {¶ 5} On June 13, 2007, appellees filed a Motion for Default Judgment and a Motion to appoint Commissioners to appraise the property. On the same date, the trial court granted the default judgment, appointed commissioners for the property appraisal and ordered the partition.
 {¶ 6} Appellant appealed raising two Assignments of Error: *Page 3 
 {¶ 7} "I. TRIAL COURT COMMITED[SIC] ERROR IN GRANTING APPELLEE'S MOTION FOR DEFAULT JUDGMENT BY DENYING HIS CONSTITUTIONAL RIGHT TO DUE PROCESS OF LAW AS GUARANTEED BY THE FOURTEENTH AMENDMENT OF THE U.S. CONSTITUTION."
 {¶ 8} "II. APPELLEE JONAS SMITLEY COMMITTED FRAUD UPON THE COURT BY FAILING TO DISCLOSE THE TERMS OF THE VERBAL AGREEMENT TO THE TRIAL COURT, THUS RENDERING THE JUDGMENT VOID; AND FAILING TO DISCLOSE THE DEFENDANT'S MENTAL ILLNESS TO THE TRIAL COURT."
 I. and II. {¶ 9} Appellant argues that the trial court committed error in granting appellees default judgment.
 {¶ 10} The trial court granted default judgment pursuant to Civ.R. 55(A). This rule provides, in pertinent part:
 {¶ 11} "When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend as provided by these rules, the party entitled to a judgment by default shall apply in writing or orally to the court therefore; but no judgment by default shall be entered against a minor or an incompetent person unless represented in the action by a guardian or other such representative who has appeared therein. If the party against whom judgment by default is sought has appeared in the action, he (or, if appearing by representative, his representative) shall be served with written notice of the application for judgment at least seven days prior to the hearing on such application. * * *" *Page 4 
 {¶ 12} Civ.R. 55(A) provides that default judgment may be awarded when a defendant fails to make an appearance by filing an answer or otherwise defending an action. Davis v. Immediate Med. Serv., Inc. (1997),80 Ohio St.3d 10, 14, 684 N.E.2d 292, citing Civ.R. 55(A). However, it is "a basic tenet of Ohio jurisprudence that cases should be decided on their merits."
 {¶ 13} We review a trial court's decision concerning a default judgment under an abuse of discretion standard. Huffer v. Cicero (1995),107 Ohio App.3d 65, 74, 667 N.E.2d 1031. In order to find an abuse of discretion, we must determine the trial court's decision was unreasonable, arbitrary or unconscionable and not merely an error of law or judgment. Blakemore v. Blakemore (1983), 5 Ohio St.3d 217, 219,450 N.E.2d 1140.
 {¶ 14} In the case sub judice, appellant admits that he received service in February 2007. Further, he states he "put the papers away" because he did not understand them. Appellant acknowledges he failed to respond to the pleadings. A default judgment was entered by the trial court four months after the filing of the complaint.
 {¶ 15} Appellant now alleges incompetence due to mental illness and illiteracy. However, the evidence shows appellant was able to purchase property and execute a joint and survivorship deed. Further, he was able to find assistance to file this appeal and seemingly understands the legal process enough to file an appeal. There is no evidence of appellant's incompetence other than his own assertion.
 {¶ 16} Appellant also argues that appellees committed fraud upon the trial court by failing to disclose a verbal agreement between the parties and appellant's mental *Page 5 
illness. Again, there is no evidence to support this statement in the record other than his own assertions.
 {¶ 17} Based upon the record that existed at the time the default judgment was rendered, the trial court properly granted the motion and did not abuse its discretion in doing so.
 {¶ 18} Appellees also correctly contend that the transfer of the property of property was an inter vivos gift to the sons. We agree. The elements of an inter vivos gift were stated in Bolles v. Toledo TrustCo. (1936), 132 Ohio St. 21:
 {¶ 19} "(1) an intention on the part of the donor to transfer the title and right of possession of the particular property to the donee then and there, and (2) in pursuance of such intention, a delivery by the donor to the donee of the subject-matter of the gift to the extent practicable or possible, considering its nature, with relinquishment of ownership, dominion, and control over it."
 {¶ 20} Appellant placed his sons' names on the survivorship deed jointly with his own name. The deed was then recorded. We find that this was an inter vivos gift; therefore, appellees had a legal right to seek partition of the property.
 {¶ 21} Appellant's first and second assignments of error are overruled. *Page 6 
 {¶ 22} The judgment of the Coshocton County Common Pleas Court is affirmed.
 Delaney, J. Gwin, P.J. and Farmer, J. concur. *Page 7 
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion on file, the judgment of the Coshocton County Court of Common Pleas is affirmed. Costs assessed to appellant. *Page 1