[Cite as *Golub v. Sharrad*, 2024-Ohio-6037.]

COURT OF APPEALS
STARK COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| GERALD B. GOLUB | : | JUDGES: |
| | : | |
| | : | Hon. Patricia A. Delaney, P.J. |
| Plaintiff-Appellant | : | Hon. John W. Wise, J. |
| | : | Hon. Craig R. Baldwin, J. |
| -vs- | : | |
| | : | Case No. 2024-CA-00022 |
| | : | |
| WILLIAM SHARRARD, JR. | : | |
| TIFFANY SHARRARD | : | |
| LAURA MILLS | | |
| MILLS, MILLS, FIELY, & LUCAS, LLC | | |
| | : | |
| Defendants-Appellees | : | O P I N I O N |

CHARACTER OF PROCEEDING:      Appeal from the Stark County Court of
                              Common Pleas case 2023CV02100

JUDGMENT:                     Affirmed

DATE OF JUDGMENT ENTRY:       December 24, 2024

APPEARANCES:

For Plaintiff-Appellant:                For Defendants-Appellees:

Gerald B. Golub                         John A. Troyer

1340 Market Ave. N., Suite 1            Richard W. Arnold

Canton, Ohio 44714                      4580 Stephen Circle, N.W., Suite 100
                                        Canton, Ohio 44718
                                        Counsel for William Sharrard, Jr., and Tiffany
                                        Sharrard

                                        Laura L. Mills
                                        Pierce C. Walker
                                        101 Central Plaza South, Suite 1200
                                        Canton, Ohio 44702
                                        Counsel for Laura Mills and Mills, Mills, Fiely &
                                        Lucas

*Delaney, P.J.*

{¶1} Plaintiff-Appellant Gerald Golub has appealed the judgment entry from the Court of Common Pleas, Stark County, Ohio, which denied his motion for default judgment and granted defendants' motions for judgment on the pleadings. Defendants-Appellees are William Sharrard, Jr., Tiffany Sharrard, Laura Mills, and Mills, Mills, Fiely & Lucas, LLC.

## FACTS AND PROCEDURAL HISTORY

{¶2} Plaintiff-Appellant Gerald Golub represented William Sherrard, Jr., and his wife Tiffany in the Stark County Court of Common Pleas, Probate Division. The Sharrards were named beneficiaries of the estate of Louis Shurman, which included the estates of three family members who had predeceased him. William Sharrard was named executor of the estate and named administrator in the three other estates.

{¶3} Attorney Golub did not have a separate written engagement and fee agreement with his clients for legal services. Instead, he invoiced the Sharrards for services using a percentage fee structure based on the assets and inventory included in the estate. The first email was on January 19, 2023. It read:

Dear William,

I have attached an invoice to this e-mail, which explains the costs. Also attached is an Excel version of this invoice so that you may review the calculations.
The schedule of assets and inventory for each estate are also included. As discussed, the amount due will increase as more assets are included in each estate. Please contact me if you have any questions.

Very truly yours,
Gerald Golub

The attached invoice was for $54,598.59. On February 28, 2023, Tiffany Sharrard signed a check from their joint personal checking account in the amount of $25,000. On the memo line the word "Services" was written.

{¶4} On February 28, 2023, Attorney Golub emailed the Sharrards another invoice. It reflected the $25,000.00 payment and a current amount due.

{¶5} On June 19, 2023, Attorney Golub received an email from the Sharrards informing him that they had obtained other counsel and that his services were no longer needed. The Sharrards requested that Attorney Golub send the files to their new legal counsel, Laura Mills, at her firm of Mills, Mills, Fiely, and Lucas. They also requested that he send his final bill to the same address.

{¶6} Attorney Golub and Attorney Mills traded several emails between June 21, 2024, and July 7, 2024, discussing the case files, the notice of withdrawal, and the fees.

{¶7} On June 23, 2023, Attorney Golub emailed Attorney Mills and stated:

At issue, the Sharrards have not fully paid previous invoices and owe money as a percentage of the estates as a whole. The billing follows Local Rule 71.2 in the Stark County Probate Court. Part D notes that services rendered are a function of the complete administration of an estate, and not all assets have been revealed. My office is preparing a document that shows that the extensive work performed on these estates far exceeds that of an ordinary nature.

In the same email, he stated that he had evidence that the Sharrards had "not fully revealed all assets" making it difficult for him to bill for a final percentage. It was his contention that the total fee he "would have received for all four estates absent a discharge is not diminished." In a separate email, he claimed "their full liability for the entire case remains." According to Attorney Golub, the estate was worth over $3.5 million at the time he was discharged.

{¶8}   The Sharrards responded on July 3, 2023, with the following email:

Dear Mr. Golub,

On June 19th 2023, you were sent an email terminating your services of representing William Jr. and Tiffany Sharrard. Please send all files to Laura Mills. Any money due will be paid.

William Jr. and Tiffany Sharrard

{¶9} Attorney Golub filed a civil action in the Stark County Court of Common Pleas, Probate Division, for tort claims seeking money damages for his work on the four estates. He sought damages in the amount of $323,324.76 based on a bill sent to the Sharrards on July, 13, 2023, for his fees and for treble damages for "assets not revealed or listed." The Complaint also asked for punitive damages, removal of William Sharrard, Jr., as fiduciary, that the four estates be consolidated, and that the case be moved to the general division of the Stark County Court of Common Pleas.

{¶10} The probate court determined that Attorney Golub had not filed a claim pursuant to R.C. 2109.59 to enforce payment of the fees. It stated that although the counts were styled as "claims" against the estate, they were causes of action for tort claims. It concluded that the probate court did not have jurisdiction to decide tort claims and dismissed the complaint for lack of jurisdiction. Attorney Golub did not appeal that order.

{¶11} On November 14, 2023, Attorney Golub filed a Complaint in the Stark County Court of Common Pleas, General Division, against the Sharrards, Attorney Mills, and her law firm. The Complaint stated that the Sharrards breached a fee agreement and settlement agreement, that Attorney Mills and her firm breached the settlement agreement and engaged in tortious interference of the fee agreement and settlement agreement, and that the defendants committed theft.

{¶12} Although Attorney Golub has contended that he had a contingency fee agreement with his clients, he did not attach a written fee agreement to the Complaint. Instead, he attached emails and a copy of a check which he argued served as a written agreement when read together. Similarly, he averred that the response in an email "[a]ny money due will be paid" constituted a settlement agreement.

{¶13} In response to the Complaint, the Sharrards and Attorney Mills filed motions to dismiss. Attorney Mills and her firm argued that Attorney Golub failed to state a claim upon which relief could be granted because he did not produce a written copy of a contingency fee agreement, he did not demonstrate that he was entitled to fees, the parties did not enter into a settlement agreement, and there was no conduct that could constitute criminal theft.

{¶14} In their motion, the Sharrards argued that a written instrument was required to prove a contingency fee agreement, and that Attorney Golub could not prove theft or fraud. They incorporated by reference the motion filed by Attorney Mills.

{¶15} Attorney Golub argued that the motions to dismiss did not comport with the civil rules because they had defective notices of service, and they did not contain tables

of authorities as required by the local rules. He asked for default judgment on the basis that dismissal of the motions would mean the parties had not filed timely answers.

{¶16} The trial court determined that the notices of service were sufficient and that strict adherence to the table of authorities was not determinative of the motions. It denied the motion for default judgment.

{¶17} The court then addressed the defendants' motions to dismiss. It determined that no written agreement was attached to the Complaint that would give rise to a contingency fee agreement between the parties. It also determined that the statement "any money due will be paid" was not a settlement agreement. The court concluded that "there are no agreed specified terms of a contract that could possibly be proven out of the circumstances."

{¶18} The trial court stated the Sharrards and Mills had "the complete right to rely upon the probate court to approve any fee due and then pay that fee in accordance with the ruling of the probate court." The judge correctly concluded that "the probate court is vested with exclusive jurisdiction over the fees charged over an estate manner." Because the probate court has jurisdiction to award attorney's fees, the trial court dismissed the complaint pursuant to Civ.R. 12(B)(1) for lack of subject matter jurisdiction.

{¶19} The court next determined that absent a fee agreement and a settlement agreement, there could be no tortious interference claim. Accordingly, the court granted the Civ.R. 12(B)(6) motions to dismiss the claims of breach of the alleged settlement agreement and the tortious interference with the alleged settlement agreement for failure to state a claim.

{¶20} As for the cause of action for theft or fraud, the court noted that the allegation was of criminal theft, but that fraud was also mentioned in the Complaint. The court ruled that Attorney Golub failed to state a claim because fraud was not plead with particularity. Likewise, relief could not be granted on the theft claim because there must first be a property interest. At most, the court reasoned that Attorney Golub had an interest in chose "should he choose to avail himself of the remedy by making [an] application for fees with the probate court."

{¶21} In summation, the trial court denied Attorney Golub's motion for default judgment. It granted the defendants' motions and dismissed the breach of contract claim and the tortious interference claim pursuant to Civ.R. 12(B)(1) and Civ.R. 12(B)(6). It dismissed the claim for breach of a settlement agreement and the claim for tortious interference pursuant to Civ.R. 12(B)(6). It dismissed the tort action for theft pursuant to Civ.R. 12(B)(6). It acknowledged that Attorney Golub may make a claim for his fees by filing an application for fees with the probate court. Attorney Golub has appealed this judgment entry.

## ASSIGNMENTS OF ERROR

{¶22} THE TRIAL COURT ERRED WHEN IT DISMISSED THE COMPLAINT FOR WANT OF SUBJECT MATTER JURISDICTION, DENIED THE MOTION FOR DEFAULT JUDGMENT, AND GRANTED THE TWO MOTIONS TO DISMISS.

## ANALYSIS

{¶23} Attorney Golub has raised a sole assignment of error claiming that the trial court erred in three ways. He has argued that the trial court erred by dismissing his Complaint for want of subject matter jurisdiction, that it erred by denying his motion for default judgment, and that it erred by granting defendants' motions to dismiss for failure to state a claim. We will address the motion for default judgment first, and then the Civ.R. 12(B) motions to dismiss. For ease of discussion, the general division will be referred to as the trial court.

### Motion for Default Judgment

{¶24} Attorney Golub has argued that the trial court erred when it denied his motion for default judgment. His motion was based on alleged omissions in the defendants' motions to dismiss. Specifically, he claimed that the certificates of service were improper, and the motions did not contain a list of authorities as required by Local Rule 10.02. He further reasoned that because the defendants did not properly serve their motions to dismiss, the filing of the motions "did not grant an extension of time under Civ.R. 12(A)(2) to serve an answer."

{¶25} We review a trial court's decision concerning a default judgment under an abuse of discretion standard. *Smitely v. Smitely*, 2008-Ohio-839, ¶ 13 (5th Dist.), citing *Huffer v. Cicero*, 107 Ohio App.3d 65, 74 (4th Dist. 1995). To find an abuse of discretion, we must determine that the trial court's decision was unreasonable, arbitrary, or unconscionable. *Blakemore v. Blakemore*, 5 Ohio St.3d 217 (1983).

{¶26} With respect to Attorney Mills and her firm's motion, Attorney Golub has argued that the certificate of service did not contain the Sharrards' names, and it was not

signed. He further argued that the motion did not contain a list of authorities as required by Local Rule 10.02. Finally, he maintained that Attorney Mills could not "belatedly correct" the certificate of service.

{¶27} With respect to the Sharrards' motion, Attorney Golub has argued that they incorporated the motion filed by their co-defendants which was flawed, the proof of service was not signed, and it did not contain a list of authorities. He concluded his arguments by claiming the trial court was required to strictly apply Civ.R. 5, Civ.R. 6, Civ.R. 12, and Local Rules 9.02 and 10.02 of the Stark County Court of Common Pleas, and it did not have discretion to conclude that notice was provided.

{¶28} The trial court addressed these arguments in its judgment entry. It determined that Attorney Mills' motion embodied all the information as to proof of service, including signature. The order further noted that the Sharrards submitted an affidavit that they had received a copy of the motion.

{¶29} The trial court similarly determined that the Sharrards' motion complied with Civ.R. 11 in that it was signed and that it contained all the necessary information. The certificate of service also included the necessary information, including the attorney's signature.

{¶30} At no point did the Sharrards raise lack of service as an issue. To the contrary, their attorney filed an affidavit that they were, in fact, served with the motion. They also incorporated their co-defendants' motion into their own motion to dismiss. Attorney Golub's Complaint does not state any facts to demonstrate he was prejudiced in any way by the omission of the Sharrards' names on the motion. *See Nat'l Union Fire Ins. Co. v. Hall*, 2003-Ohio-462, ¶ 24.

{¶31} Attorney Golub also argued that the motions should be dismissed because they violated Local Rule 10.02. That rule provides the moving party "shall serve and file with the party's motion a brief written statement in reasons in support of the motion and a list of citations of the authorities on which the party relies." The rule does not specify what should happen if such a list is not attached.

{¶32} This court has held that the trial court has discretion when presented with the issue of whether to dismiss a case for a minor, technical, correctable, inadvertent violation of a local rule. *McCollum v. Bolgrin*, 14-Ohio-1167, ¶ 20 (5th Dist.), citing *DeHart v. Aetna Life Ins. Co.*, 69 Ohio St.2d 189 (1982). The trial court has discretion to consider such things as whether the mistake was made in good faith and not as part of a continuing course of conduct for purpose of delay, if either the opposing party or the court is prejudiced by the error, if the dismissal is a sanction that is disproportionate to the nature of the mistake, if the client will be unfairly punished for the fault of his counsel, and whether dismissal frustrates the prevailing policy of deciding cases on the merits. *Id.*

{¶33} There are no facts alleged that omitting the list of authorities was made in bad faith or for the purpose of delay. No facts support an argument that the opposing party or the court were prejudiced by the absence of such a list. Similarly, there are no facts alleged that the failure to add the co-defendants' names was made in bad faith or to delay. The co-defendants were not prejudiced in any way, particularly when they received the motion, had no objection to it, and incorporated it by reference. Dismissing the pleading and granting default judgment on the Complaint for failure to include the name and for not having a separate list of authorities would be disproportionate to the nature of the mistake and unfairly punish the litigants for the fault of counsel.

{¶34} Attorney Golub cited *Westmoreland v. Valley Homes Mutual Housing Corp.,* 42 Ohio St.2d 291 (1975), and *Gliozzo v. Univ. Urologists of Cleveland, Inc.*, 2007-Ohio-3762, for the proposition that documents not filed in accordance with the rules must be stricken. Those cases are distinguishable, however, because they involved the initial complaint. Improper service of the complaints in those cases meant they were never commenced within the statutory time. The trial court concluded that those facts are "a far cry from what has taken place here" and that the rules should be construed "to allow justice" for the parties. The trial court correctly found that the motions to dismiss were properly filed and, as a result, denied Attorney Golub's motion for default judgment.

## Subject Matter Jurisdiction

{¶35} Attorney Golub has argued that the Stark County Court of Common Pleas, General Division, had jurisdiction for all of the causes of action in his Complaint. He claimed it was incorrect for the court to dismiss his claim of breach of the fee agreement for lack of subject matter jurisdiction.

{¶36} The trial court raised the issue of subject matter jurisdiction regarding attorney fees and held that the probate court was "vested with the exclusive jurisdiction over the fees charged in an estate matter." It concluded that the remedy for Attorney Golub was to apply for the fees with the probate court. Accordingly, it dismissed the breach of contract claim pursuant to Civ.R. 12(B)(1).

Civ.R. 12(B) states:

Every defense, in law or fact, to a claim for relief in any pleading, whether a claim, counterclaim, cross-claim, or third-party claim, shall be asserted in the responsive pleading thereto if one is required, except that the following defenses may at the option of the pleader be made by motion: (1) lack of jurisdiction over the subject matter, (2) lack of jurisdiction over the person, (3) improper venue, (4) insufficiency of process, (5) insufficiency of service of process, (6) failure to state a claim upon

which relief can be granted, (7) failure to join a party under Rule 19 or Rule 19.1. A motion making any of these defenses shall be made before pleading if a further pleading is permitted. No defense or objection is waived by being joined with one or more other defenses or objections in a responsive pleading or motion. If a pleading sets forth a claim for relief to which the adverse party is not required to serve a responsive pleading, he may assert at the trial any defense in law or fact to that claim for relief.

Our standard of review on a Civil Rule 12(B) motion to dismiss is *de novo. Mitchell v. Fix,* 2023-Ohio-1957, ¶21 (5th Dist.), citing *Dover Chemical Corp. v. Dover*, 2022-Ohio-2307, ¶ 32 (5th Dist.), *Huntsman v. State*, 2017-Ohio-2622, ¶ 20 (5th Dist.).

{¶37} A court may challenge jurisdiction at any time during the pendency of a case. *Bunting v. Estate of Bunting*, 2009-Ohio-3136, ¶ 13 (5th Dist.), citing *Fox v. Eaton Corp.*, 48 Ohio St.2d 236, 238 (1976), overruled on other grounds, *Manning v. Ohio Library Board*, 62 Ohio St.3d 24 (1991). Whenever a want of jurisdiction is suggested by a court's examination of the case, the court has a duty to consider it. *Patton v. Diemer*, 35 Ohio St.3d 68, 70 (1988). The court is powerless to act in the case without jurisdiction. *Id.*

{¶38} The Ohio Revised Code grants original jurisdiction to the court of common pleas in all civil cases in which the matter in dispute exceeds the statutory dollar amount. R.C. 2305.01. This jurisdiction is limited, however, by the jurisdiction granted to the probate court. R.C. 2124. Regarding the payment of legal fees, R.C. 2124(A)(1)(c) confers exclusive jurisdiction on the probate court "to direct and control the conduct and settle the accounts of executors and administrators and order the distribution of estates." This includes the right to set aside any attorney fee agreements that the fiduciaries or beneficiaries may have entered into. *See, e.g., In re Estate of York*, 133 Ohio App.3d 234, 243, (12th Dist. 1999) (affirming authority of probate court to disregard contingent fee

agreement between beneficiary and attorney, and to disregard the probate court's own initial determination that a contingent fee agreement was fair and reasonable).

{¶39} In probate court, the payment of reasonable attorney fees is addressed in R.C. 2113.36. This statute provides in pertinent part:

> When an attorney has been employed in the administration of the estate, reasonable attorney fees paid by the executor or administrator shall be allowed as a part of the expenses of the administration. The court may at any time during the administration fix the amount of such fees and, on application of the executor or administrator or the attorney, shall fix the amount thereof.

{¶40} In a recent case involving these same parties and estates, this Court determined that "the Stark County Probate Court has jurisdiction to preside over decedent's estates, including estate distributions and performance of administrators." *Golub v. Park,* 24-Ohio-4559, ¶ 18 (5th Dist.), citing R.C. 2101.24(A)(1)(c). In that case, the probate court held a hearing that pertained, in part, to Attorney Golub receiving attorney fees from the same four estates at issue in this case without first obtaining prior court approval as required by Stark Cty. Probate R. 71.1 and 71.2. The matter was resolved when Attorney Golub said he would return the money. On appeal, we determined that the hearing was "merely a continuing exercise of jurisdiction in four estate matters properly pending before the Stark County Probate Court." *Id.* We concluded that the probate court presided over the matter of attorney fees and was specifically provided jurisdiction to do so. *Id.* at ¶ 20.

{¶41} Attorney Golub has argued that the trial court should have retained jurisdiction because his causes of action were exhausted in the probate court. He has claimed that if both the probate court and the trial court lack jurisdiction, then he would not have a remedy at law. The probate court order did not dismiss the issue of attorney

fees, however, for lack of subject matter jurisdiction. It dismissed the tort claims that were brought before it that sought damages beyond the attorney fees and the request to transfer the estate to the trial court. Attorney Golub's decision to forego a request for fees with the probate court does not constitute an exhaustion of remedies.

{¶42} Attorney Golub's representation of the Sharrards was connected solely to securing assets for the estate of Louis Shurman, which included estates of family who predeceased him. According to the Complaint and the voluminous documents attached to it, Attorney Golub entered an appearance in the Probate Court. He filed an Application for Authority to Administer Estate on behalf of William Sharrard, Jr., and filed applications naming Mr. Sharrard as a fiduciary on the three other estates. He identified and retrieved assets for the four estates, including transferring real estate properties and tracing assets with the Division of Unclaimed Funds.

{¶43} In the "Causes of Action" section of the Complaint, paragraph 86 reads "[a]t issue is that this complaint seeks damages from an executor or administrator to answer damages out of his own estates." The following paragraph reads "[i]n all four estates, the fiduciary and the ultimate beneficiaries are the same." Accordingly, Mr. Golub's work was solely for the estates and there were no competing claims from any other beneficiaries.

{¶44} Moreover, his fee structure was based on the assets of the estate. Despite containing 307 paragraphs, there was nothing in the Complaint indicating that Attorney Golub performed any legal services outside of the estates. The Complaint stated there were no other beneficiaries and Tiffany Sharrard waived her rights to be named as a fiduciary. There was nothing in the Complaint that would have triggered a need for the

Sharrards to have paid from their personal assets. *See In re Estate of Hathaway,* 2014 WL 1350898 (10th Dist. March 20, 2014).

{¶45} In reading the pleading before it, the trial court correctly concluded that any compensation for Attorney Golub's work would have arisen from securing assets for the estates, vesting subject matter jurisdiction with the probate court. The trial court properly dismissed the issue of attorney fees for lack of subject matter jurisdiction.

**Motions to Dismiss**

{¶46} The third part of Attorney Golub's assignment of error was that the trial court incorrectly granted defendants' motions to dismiss. He has argued that a contingency fee agreement and a subsequent settlement agreement entitled him to judgment for both breach and tortious interference. In their motions to dismiss, the Sharrards and Attorney Mills and her firm raised Civ.R. 12(B)(6) for failure to state a claim because neither a fee agreement nor a settlement agreement was attached to the Complaint.

{¶47} A motion to dismiss for failure to state a claim upon which relief can be granted is procedural and tests the sufficiency of the complaint. *State ex rel. Hanson v. Guernsey County Bd. of Commissioners,* 65 Ohio St.3d 545 (1992). Under a *de novo* analysis, we must accept all factual allegations of the complaint as true, and all reasonable inferences must be drawn in favor of the nonmoving party. *Byrd v. Faber,* 57 Ohio St.3d 56 (1991). To dismiss a complaint pursuant to Civil Rule 12(B)(6), it must appear beyond doubt that the plaintiff can prove no set of facts in support of the claim that would entitle plaintiff to relief. *York v. Ohio State Highway Patrol,* 60 Ohio St.3d 143 (1991).

{¶48} Attorney Golub has argued that he attached an attorney-client agreement to the Complaint because he attached "the balance of account of January 19, 2023, the check of February 28, 2023, and the updated balance of February 28, 2023." He did not attach those documents as evidence of another document that contained the terms of the fee agreement, rather he argued that, read together, they met the criteria for a contract. Using the same argument, he stated that the July 3, 2023, email from the Sharrards and emails with Attorney Mills formed a settlement agreement because of the phrase "any money due will be paid."

{¶49} Due to the stronger position of an attorney in an attorney-client setting, a contingency fee depends upon there being an express written contingent fee contract. Prof. Cond.R. 1.5(c)(1), *see Cleveland Metro. Bar Assn. v. Mishler*, 2010-Ohio-5987, and R.C. 4705.15(B). In this case, the testator died on December 1, 2021. Attorney Golub filed an Application for Authority to Administer Estate signed by William Sharrard, Jr., and him on December 23, 2021, which was attached to the Complaint. On January 19, 2023, Mr. Sharrad emailed Attorney Golub regarding receipts. Attorney Golub replied:

> I have attached an invoice to this e-mail, which explains the costs. Also attached is an Excel version of this invoice so that you may review the calculations. The schedule of assets and inventory for each estate are also included. As discussed, the amount due will increase as more assets are included in the estate. Please contact me if you have any questions.

The invoice, which came well over a year after Attorney Golub's representation began, was for $54,598.59 and contained an inventory and schedule of assets. In several places there was a notation that the amount due "will increase as inventory is amended." There was also a column marked "Value of Asset to Gerald" which reflected 33% of each asset's total value. On February 28, 2023, Tiffany Sharrard signed a check from their joint

personal checking account in the amount of $25,000. On the memo line the word "Services" was written. Attorney Golub has argued that, read together, this is a written contingency agreement. We disagree.

{¶50} Prof.Cond.R. 1.5(c)(1) addresses fees and expenses. It provides the way contingency agreement must be drafted. It states, in pertinent part:

> Each contingent fee agreement shall be in a *writing* signed by the client and the lawyer and shall state the method by which the fee is to be determined, including the percentage or percentages that shall accrue to the lawyer in the event of settlement, trial, or appeal. (Emphasis in original).

In this case, a response email written over a year after representation had begun that was not signed by the clients did not constitute the written contingency fee agreement contemplated by the Rules of Professional Conduct. Similarly, a signature on a check for partial payment does not equal a fee agreement signed in writing by the client.

{¶51} For authority, Attorney Golub relied on *Berry v. Coombe*, 26 U.S. 640 (1828). In that case, it was the defendant who had drafted a memo stating his name, a description of the property, a specific agreed upon amount, and the balance owed.

{¶52} In this case, there is no written document with specific terms signed by the Sharrards. Even if there had been a written contingency fee agreement, R.C. 2113.36 provides that the probate court has discretion to determine necessary and reasonable attorney fees. *In re Johnson*, 08-Ohio-5328, ¶ 64 (5th Dist.), citing *In re Estate of Fugate*, 86 Ohio App.3d 293, 298 (3d Dist. 1993). Probate courts are not bound by a prior agreement of the parties and may alter and reduce a contingent fee agreement when necessary. *Id.*, citing *In re Estate of York*, 133 Ohio App.3d 234, 243 (12th Dist. 1999). Stark Cty. Probate R. 71 provides that attorney fees should not be paid until the final account is prepared.

{¶53} Further, a discharged attorney can no longer recover attorney fees pursuant to the contingency agreement. The attorney can, however, recover for legal services rendered under the theory of quantum meruit for the reasonable value of his services provided up through the time that he is discharged. *Reid, Johnson, Downes, Andrachik & Webster v. Lansberry*, 68 Ohio St.3d 570 (1994), *Fox & Associates Co., L.P.A. v. Purdon*, 44 Ohio St.3d 69 (1989).

{¶54} The alleged breach of contract was the attorney fees Attorney Golub argued were due him. Without a written fee agreement, there could be no breach of a contingency fee agreement and no meritorious tortious interference claim. The legal fees could have been recovered, however, through quantum meruit. The trial court properly concluded that the Complaint did not state a claim for breach of a contingency fee contract and, therefore, could not state one for tortious interference.

{¶55} Similarly, there was no document with terms that could be deemed a settlement agreement attached to  the Complaint or evidence of an oral settlement agreement. *See Spercel v. Sterling Industries*, 31 Ohio St.2d 36 (1972), paragraph one of the syllabus. Instead, Attorney Golub states that a series of emails represent a settlement agreement. In an email sent June 23, 2023, from Attorney Golub, he stated, in part, that the Sharrards had paid previous invoices and that his office had evidence they had "not fully revealed all assets." In an email sent June 26, 2023, he wrote, in part, that the Sharrards' "full liability for each entire case remains." In an email dated July 3, 2023, the Sharrards used the phrase "any money due will be paid." Lastly, he references a detailed bill sent on July 18, 2023. He then claimed that an email from Attorney Mills'

paralegal that failed to reference the requests for payment meant that Attorney Mills acquiesced to the full amount.

{¶56} Even construing the Sharrards' statement in favor of Attorney Golub, it was up to the probate court to determine what was "due." The trial court concluded that "[t]here are no agreed specific terms of a contract that could possibly be proven out of these circumstances." We agree.

{¶57} Attorney Golub cites this Court's decision in *Martin v. Friedberg*, 2007-Ohio-3932 (5th Dist.), for the proposition that "a settlement agreement exists when notice is given to the court . . . and the opposing party fails to object." In that case, the parties appeared before the trial court on the day of trial and stated on the record that a settlement had been reached. The court later enforced the agreement, despite a subsequent disagreement over the terms in the written document. In this case, there were no declarations before either the probate court or the trial court that the parties agreed on an amount and terms.

{¶58} Without a settlement agreement, there can be no meritorious claim for breach or tortious interference. The trial court properly ruled that the Complaint failed to attach a settlement agreement and that the emails between the parties did not create such an agreement. Accordingly, it dismissed the Complaint for failure to state a claim on that issue.

{¶59} Lastly, we look at Attorney Golub's claim of civil theft. In Ohio, the existence of a contract action generally excludes the opportunity to present the same case as a tort claim. *Pham Construction and Company LLC v. Tran,* 2024-Ohio-634, ¶ 34 (5th Dist.), citing *Textron Fin. Corp. v. Nationwide Mut. Ins. Co.*, 115 Ohio App.3d 137, 151 (9th

Dist.1996). "A tort claim based upon the same actions as those upon which a claim of contract breach is based will exist independently of the contract action only if the breaching party also breaches a duty owed separately from that created by the contract, that is, a duty owed even if no contract existed." *Id.*

{¶60} In this case, the claim made in the Complaint was that the Sharrards and Attorney Mills hid assets from Attorney Golub. This allegedly affected the contingency calculations for the fees.

{¶61} The trial court correctly determined that any alleged claim for theft would require an ownership right. In probate, the right to fees is not automatic, but is subject to the probate court's statutory considerations. There was an appropriate framework for Attorney Golub to receive fees through the probate court and, despite both courts urging him to do so, he chose not to avail himself of those means.

{¶62} The trial court properly denied Attorney Golub's motion for default judgment. It properly granted Mr. and Mrs. Sharrard and Attorney Laura Mills and her firm's motions to dismiss for lack of subject matter jurisdiction and failure to state a claim upon which relief can be granted. The sole assignment of error is overruled.

**CONCLUSION**

{¶63} Plaintiff-Appellant's assignment of error is overruled. The judgment entry of the Stark County Court of Common Pleas is affirmed.

By: Delaney, P.J.,

Wise, J. and

Baldwin, J., concur.