[Cite as *In re Estate of Shurman v. Estate of W. Shurman*, 2025-Ohio-666.]

COURT OF APPEALS
STARK COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | |
|---|---|
| IN RE:<br>ESTATE OF LOUIS W. SHURMAN,<br>Deceased<br>ESTATE OF IRENE R. SHURMAN,<br>Deceased<br>ESTATE OF GERALD L. SHURMAN,<br>Deceased<br>ESTATE OF DARLENE M. SHURMAN,<br>Deceased<br>　　　　　Appellant<br>-vs-<br><br>ESTATE OF LOUIS W. SHURMAN,<br>By WILLIAM SHARRARD, JR., Executor,<br>et al.<br>　　　　　Appellees | JUDGES:<br>Hon. Craig R. Baldwin, P.J.<br>Hon. William B. Hoffman, J.<br>Hon. Andrew J. King, J.<br><br><br><br><br><br><br><br><br><br>Case Nos. 2024CA00088, 2024CA00089,<br>2024CA00090, & 2024CA00091<br><br>O P I N I O N |

| | |
|---|---|
| CHARACTER OF PROCEEDINGS: | Appeal from the Stark County Court of Common Pleas, Probate Division, Case Nos. 241722, 244969, 244970, & 244971 |
| JUDGMENT: | Affirmed |
| DATE OF JUDGMENT ENTRY: | February 19, 2025 |
| APPEARANCES: | |

| For Appellees | For Appellant |
|---|---|
| LAURA MILLS<br>Mills, Mills, Fiely & Lucas<br>101 Central Plaza, South, Ste. 1200<br>Canton, Ohio 44702 | GERALD B. GOLUB<br>Golub Law Office<br>4920 Yale Avenue, N.W.<br>Canton, Ohio 44709 |

*Hoffman, J.*

**{¶1}** Appellant Attorney Gerald B. Golub appeals the May 15, 2024 Judgment Entry entered by the Stark County Court of Common Pleas, Probate Division, which ordered him to return attorney fees he paid himself for work on four estates. Appellee is William Sharrard, Jr., Executor of the Estate of Louis W. Shurman, et al.

STATEMENT OF THE FACTS AND CASE

**{¶2}** Attorney Golub represented the estate of Louis W. Shurman ("Decedent"), who died testate on December 1, 2021. Decedent was the last surviving child of Irene R. Shurman, who died intestate on April 16, 2000. Irene R. Shurman was survived by three (3) adult children: Gerald L. Shurman, Darlene M. Shurman, and Decedent. Gerald L. Shurman died intestate on August 12, 2015. Darlene M. Shurman died intestate on February 29, 2019. The beneficiaries of Decedent's estate, which included the estates of Irene, Gerald, and Darlene Shurman, are William Sharrard, Jr. ("Fiduciary"), and Tiffany Sharrad, his wife. Fiduciary was named the executor of the Decedent's estate and the administrator of the three other estates.

**{¶3}** On June 30, 2023, Attorney Golub withdrew as counsel. Attorney Laura Mills filed a notice of substitution of counsel on July 18, 2023. On September 18, 2023, Attorney Golub filed a civil action in the probate court (Case No. 247226), asserting tort claims and seeking money damages in the amount of $323,324.76, for his work on the four estates. *Golub v. Sharrard*, 2024-Ohio-6037, ¶ 9 (5th Dist.). Attorney Golub also sought treble damages for "assets not revealed or listed." The Complaint requested punitive damages, the removal of Fiduciary as fiduciary, the consolidation of the four estates, and the transfer of the matter to the General Division of the Stark County Court of Common Pleas. *Id.* Via Judgment Entry filed September 25, 2023, the probate court

dismissed the complaint, finding Attorney Golub failed to assert a claim over which the probate court had jurisdiction. *Id*. at ¶ 10.  Attorney Golub did not appeal.

**{¶4}**  On November 14, 2023, Attorney Golub filed a Complaint in the Stark County Court of Common Pleas, General Division (Case No. 2024-CA-00022), naming the Sharrards, Attorney Mills, and her law firm as defendants. *Id*. at ¶ 11. The Complaint alleged the Sharrards had breached a fee agreement and settlement agreement, Attorney Mills and her firm breached the settlement agreement and engaged in tortious interference of the fee agreement and settlement agreement, and the defendants committed theft.  *Id*. Attorney Mills and the Sharrards filed motions to dismiss.  *Id*. at ¶ 11. The trial court dismissed Attorney Golub's complaint for lack of jurisdiction, finding "the probate court is vested with exclusive jurisdiction over the fees charged over an estate manner."  *Id*. at ¶ 18.  The trial court further found, absent a fee agreement and a settlement agreement, there could be no tortious interference claim, and dismissed the complaint. *Id*. at ¶ 19. Attorney Golub appealed the trial court's decision to this Court, which affirmed. *Id*. at ¶ 63.

**{¶5}**  On December 6, 2023, the probate court ordered final accounts for all four estates be filed by March 6, 2024.  On March 6, 2024, Attorney Mills filed a motion requesting a status conference as she did not have the necessary paperwork with which to complete the accounting.  Attorney Mills did not serve Attorney Golub with a copy of the motion. The trial court scheduled a status conference for April 2, 2024.  The record does not show Attorney Golub received notice of the status conference.

**{¶6}**  During the status conference, the probate court learned Attorney Golub had taken fees from the estates without court approval. See, May 15, 2024 Judgment Entry

at p. 2. As a result, the probate court issued a citation ordering Attorney Golub to appear before the court on April 23, 2024. The probate court, upon Attorney Golub's motion, rescheduled the citation hearing to May 13, 2024. The probate court conducted the citation hearing on that day.

{¶7} Via Judgment Entry filed May 15, 2024, the probate court ordered, inter alia, Attorney Golub to return all attorney fees he received to Fiduciary within seven (7) days of the order. The probate court found Attorney Golub acknowledged he had paid himself $43,560.00, in attorney fees, but claimed he had done so with the consent of Fiduciary; therefore, he did not need the probate court's approval. The probate court further found Attorney Golub agreed to return the fees. A status conference was scheduled for May 23, 2024, to confirm compliance with the order to return the fees.

{¶8} It is from this judgment entry Attorney Golub appeals, raising the following assignments of error:


I. THE TRIAL COURT ERRED IN RELYING ON ALLEGED STATEMENTS IT CANNOT CERTIFY (JUDGMENT ENTRY OF MAY 15, 2024, PP. 2-3, 5).

II. THE TRIAL COURT ERRED IN NOT DISMISSING THE MATTER FOR WANT OF SUBJECT-MATTER JURISDICTION (JUDGMENT ENTRY OF MAY 15, 2024, P. 4.).

III. THE TRIAL COURT ERRED IN A JUDGMENT TO DEPRIVE PROPERTY BASED ON A CHARGE NEITHER FAIRLY MADE, NOR

FAIRLY TRIED IN A PUBLIC TRIBUNAL AND IN VIOLATION OF DUE PROCESS (JUDGMENT ENTRY OF MAY 15, 2024, PP. 1-5).

IV. THE TRIAL COURT ERRED IN RENDERING JUDGMENT PROCURED IN FRAUD (JUDGMENT ENTRY OF MAY 15, 2024, PP. 1-5).

I

**{¶9}** In his first assignment of error, Attorney Golub argues the probate court erred in relying on alleged statements the court cannot certify. This assignment of error focuses on the April 2, 2024 status conference and the information provided to the probate court at that time.

**{¶10}** In its May 15, 2024 Judgment Entry, the probate court specifically stated:

A status conference was held on April 2, 2024. The Court learned that the estates' prior counsel, Attorney Golub, had taken fees from the estates without court approval. Based on this information, a citation was issued.

**{¶11}** *Id.* at p. 2.

**{¶12}** It appears the April 2, 2024 status conference was not held on the record; therefore, a transcript would not be available. However, the statement about which Attorney Golub complains was verified at the May 13, 2024 Citation Hearing. The following exchange between the probate court and Attorney Golub occurred:

THE COURT: What fees were you paid?

ATTORNEY GOLUB: It'll say what fee I was paid. I was paid * * * [a] total of $43,560. I would also say that.

THE COURT: What date were those fees approved?

ATTORNEY GOLUB: Huh?

THE COURT: What date were those fees approved?

ATTORNEY GOLUB: What date?

THE COURT: Correct? [sic]

ATTORNEY GOLUB: I don't think that they were approved by the court, but I would also point out.

THE COURT: Well if they were not approved by the court, did you take the fee? Without court approval?

* * *

THE COURT: Getting back to the fees, when were your fees approved? When were your attorney fees approved?

ATTORNEY GOLUB: They were not.

THE COURT: But you took them?

* * *

ATTORNEY GOLUB: They are in accordance with Rule 71.2A.

THE COURT: And what does that say?

* * *

ATTORNEY GOLUB: When the beneficiaries approve it and they approved it.

THE COURT: The fees have to still be approved by the court.

\* \* \*

THE COURT: Just because they consent doesn't meant [sic] the court is going to approve it.

ATTORNEY GOLUB: Alright.

THE COURT: You were paid $43,560 dollars in attorney fees?

ATTORNEY GOLUB: Yes.

THE COURT: You took the fees?

ATTORNEY GOLUB: I did.

Transcript of May 13, 2024 Citation Hearing at pp. 5-7.

{¶13} At the end of the hearing, another exchange between the probate court and Attorney Golub took place:

ATTORNEY GOLUB: I want to say that Laura Mills filed a motion for status conference. Which is why I think we are here today, am I correct?

THE COURT: During the course of the proceedings it was brought to the courts [sic] attention that you have taken fees and you acknowledged that you have taken fees. There has been no account, there has been no approval. You need to pays those fees back to the estate.

ATTORNEY GOLUB: What I am asking here is that Laura Mills filed a motion for a status conference. I have been asking around why, why, what today's hearing was about. I was never given any notice whatsoever. Laura

Mills filed a motion for status conference on March 6th.  She did not give a copy of that or proof of service to me.[1]

THE COURT: That doesn't change the fact that you took attorney fees without the court's approval.

*Id.* at pp. 13-14.

**{¶14}**  Attorney Golub maintains he is prejudiced by the lack of a record of the April 2, 2024 status conference as he is unable to challenge the trial court's findings of fact. We disagree. The probate court addressed the findings at the May 13, 2024 Citation Hearing. Attorney Golub was given sufficient opportunity to respond.

**{¶15}**  Attorney Golub's first assignment of error is overruled.

II

**{¶16}**  In his second assignment of error, Attorney Golub contends the probate court erred in failing to dismiss the matter for want of subject matter jurisdiction.

**{¶17}**  On May 17, 2024, Attorney Golub filed an Affidavit of Disqualification in the Ohio Supreme Court, seeking to have Judge Park disqualified for engaging in two (2) improper ex parte communications and for making a false statement.  In his Brief to this Court, Attorney Golub states, "In the *Response to the Affidavit of Disqualification*, pp. 4-5, the trail court wrote that one of the reasons for the May 13 hearing was to address tort claims previously dismissed for want of subject-matter jurisdiction in *Golub v. Sharrard, et al.*, Stark County Probate Court, Case No. 247226 and the appealed entry in 2024CA00022." Brief of Appellant at p. 19.  Attorney Golub submits once the probate

---

[1] It would appear Attorney Golub was not served with notice of the March 6, 2024 motion for status conference because he had withdrawn as counsel for the Estates on June 30, 2023.

court found it lacked subject matter jurisdiction, it divested itself of the right to rule further. Attorney Golub continues, because the probate court acted without jurisdiction, the May 15, 2024 Judgment Entry was void.

{¶18} The probate court's response to Attorney Golub's Affidavit of Disqualification is not part of the record before this Court; therefore, we cannot consider it. Further, there is only an inconsequential mention of the *Golub v. Sharrard* matter at the May 13, 2024 Citation Hearing:

ATTORNEY GOLUB: There's an entry where you said that this court no longer has jurisdiction.

TRIAL COURT: No, that was with regard to the civil matter that you filed. That has nothing to do with the estates. That civil matter, we dismissed it because I don't have jurisdiction over that and you filed it across the street.

Tr. May 13, 2024 Hearing at p. 9.

{¶19} The May 13, 2024 Citation Hearing was not about the civil matter of *Golub v. Sharrard*. The instant action involving the administration of the Estates was still pending at that time. We find the trial court did not err in failing to dismiss the case sub judice.

{¶20} Attorney Golub's second assignment of error is overruled.

### III, IV

{¶21} Because Attorney Golub's third and fourth assignments of error require similar discussion, we shall address those assignments of error together. In his third

assignment of error, Attorney Golub maintains the trial court deprived him of "property based on a charge neither fairly made, nor fairly tried in a public tribunal," which violated his right to due process. In his fourth assignment of error, Attorney Golub asserts the trial court erred in rendering judgment based upon Attorney Mills' fraudulent use of the legal system to avoid the settlement agreement between himself and the Sharrards.

{¶22} Within these assignments of error, Attorney Golub repeats his arguments regarding the lack of a transcript of the April 2, 2024 status conference as well as the lack of a transcript from the Ohio Supreme Court proceedings relative to his Affidavit of Disqualification. Attorney Golub suggests the trial court did not have the authority to enter judgment against him in the amount of $43.560.00, the attorney fees he paid himself, based upon evidence from the April 2, 2024 status conference.  Even if the trial court considered evidence from the April 2, 2024 status conference, we find the same evidence was presented during the May 13, 2024 Citation Hearing. See, Assignment of Error I. Therefore, we find any error in the trial court's consideration of this evidence to be harmless. And again, because the record of the proceedings before the Ohio Supreme Court is not before this Court, we cannot consider it.

{¶23} Attorney Golub notes Attorney Mills' March 6, 2024 motion for status conference did not include a claim he took fees without court approval, and such claim only arose at the April 2, 2024 status conference.  Attorney Golub explains he and the Sharrards had entered into a settlement agreement regarding attorney fees, and Attorney Mills was aware of this agreement prior to advising the trial court he had taken fees.  By claiming he took fees, Attorney Mills and the Sharrards were attempting to undo the settlement agreement.

**{¶24}** Attorney Golub stresses he was entitled to the fees pursuant to the settlement agreement. In his civil action brought in the Stark County Court of Common Pleas, General Division, the trial court found there was no settlement agreement between Attorney Golub and the Sharrards. *Golub v. Sharrard*, 2024-Ohio-6037 at ¶ 17. This Court concluded likewise, finding "there was no document with terms that could be deemed a settlement agreement attached to the Complaint or evidence of an oral settlement agreement." *Id*. at ¶ 55.

**{¶25}** Attorney Golub further argues he did not consent to return the fees. The record belies such assertion. At the end of the hearing, the probate court advised Attorney Golub he "needed to pay those fees back." Tr. May 13, 2024 Citation Hearing at p. 14. Attorney Golub responded, "That's fine. That's fine." *Id*. We find Attorney Golub's response constitutes consent to return the fees. Even if Attorney Golub did not consent to returning the fees, the trial court had the authority to order him to do so. His consent was not necessary.

{¶26}  Based upon the foregoing, Attorney Golub's third and fourth assignments of error are overruled.

{¶27}  The judgment of the Stark County Court of Common Pleas, Probate Division, is affirmed.

By: Hoffman, J.

Baldwin, P.J.

King, J.  concur